Harry S. PULLIAM et ux., Appellants,

v.

The STATE of Texas, Appellee.

No. 4307.

Court of Civil Appeals of Texas.

Eastland.

June 13, 1969.

Rehearing Denied July 11, 1969.

Rawlings, Sayers & Scurlock, Reagan Sayers and Lloyd Scurlock, Ft. Worth, for appellants.

Crawford C. Martin, Atty. Gen., Dean Arrington and Samuel D. McDaniel, Austin, for appellee.

WALTER, Justice.

Harry Pulliam and wife filed their petition for a Bill of Review seeking to set aside a judgment obtained by the State of Texas in a condemnation case. The Commissioners assessed the damages occasioned by the condemnation at $375,000.00. The Pulliams were dissatisfied and demanded a jury trial. The jury awarded them only $244,250.00. Pulliams instructed their lawyer, Clinton W. Breeding, to appeal. Breeding filed an original and an amended motion for a new trial. The amended motion was overruled by operation of law on October 10, 1966.

Mr. Pulliam talked to Mr. Reagan Sayers an attorney who had represented him in the past about the case and was informed by Sayers that he could not participate in the case without Breeding's consent or a termination of his employment. A conference was held in Sayers' office on August 27, 1966 with Breeding, Pulliam, Sayers and other members of his firm being present. At this meeting Pulliam instructed Breeding to take the necessary steps to obtain a new trial and "to protect the appeal." Mr. Breeding assured him that he "would do everything that could be done."

Sayers and another member of his firm reviewed the record and on October 26, 1966 wrote Breeding a letter recommending some action which should be taken in the motion for a new trial and the appeal.

Mr. Breeding received a call from the court reporter the latter part of August or the first part of September, 1966, and was informed that Mrs. Pulliam had ordered the statement of facts in the condemnation suit and directed him to deliver it to her. Breeding interpreted the facts that Mrs. Pulliam had ordered the statement of facts and directed that it be delivered to her to mean that his employment had been terminated. Breeding did nothing further about appealing the judgment in the condemnation case.

In Pulliams' petition for a Bill of Review they allege that their lawyer, Breeding, made representations to them that he would take all necessary steps to perfect an appeal and that they relied on them and that such representations were false and therefore constituted extrinsic fraud. Both parties made motions for a summary judgment. The State's motion was granted and the Pulliams have appealed.

Appellants' two points on appeal are:

"1. The trial court erred in overruling plaintiffs' bill of review on motion for summary judgment where evidence favorable to plaintiffs indicated that, following a prior judgment of condemnation, they may have had at least one meritorious ground of appeal which they were prevented from urging due to the extrinsic fraud of their own attorney.

2. The trial court erred in overruling plaintiffs motion for summary judgment where the evidence conclusively showed that, following a prior judgment of condemnation, they had at least one meritorious ground of appeal which they were prevented from urging due to the extrinsic fraud of their own attorney."

The Supreme Court in Gracey v. West, 422 S.W.2d 913 (1968) said:

"This Court in the case of Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950), discussed the rules of law applicable to bills of review and set out three conditions that must be alleged and proven in cases similar to the one at bar by the losing party before she can successfully invoke a bill of review to set aside a final judgment against him. These three requisites are: (1) a meritorious cause of action must be alleged to support the motion to reinstate the case, (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposite

party, (3) unmixed with any fault or negligence of his own. These rules have been recognized as stating a correct rule of law by many cases since the discussion in the Hagedorn case. Hanks v. Rosser, Tex.Sup., 378 S.W.2d 31, 34 (1964). The Rosser case modified the rule to the extent that where an officer of the court gives wrong information which prevents the filing of a motion for new trial by the losing party, the movant in a bill of review is excused from complying with requirement (2) above. Otherwise, the rule of Hagedorn was approved."

We are of the opinion that appellants have failed to allege requirement (2) quoted above from Gracey v. West. See also McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961) and French v. Brown, 424 S.W.2d 893 (Sup.Ct., 1967).

Gracey v. West, supra, was a case involving an appeal from a summary judgment rendered in favor of Gracey in a bill of review action brought by West. The trial court granted a summary judgment and the Court of Civil Appeals reversed and the Supreme Court reversed the Court of Civil Appeals and affirmed the trial court.

West was attempting to set aside a judgment dismissing, for want of prosecution, a a suit brought by her deceased husband against Gracey on some promissory notes. In support of her position she relied on the following language in the Hagedorn case:

" * * * Only extrinsic fraud will entitle a complainant to relief because it is a wrongful act committed 'by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial. Such, for instance, as where he has been misled by his adversary by fraud or deception, did not know of the suit, *or was betrayed by his attorney.* In other words, fraud which denied him the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert.' (Emphasis ours.)"

The Court said:

"None of respondent's allegations in her bill of review constitute a 'betrayal' of respondent by her attorney. They only allege negligence by her attorney. There are no allegations in the bill of review or affidavits of any action taken by defendant's attorney; only of failure to take some affirmative action to assist plaintiff in securing a setting of the case. The record in this cause showing that respondent's attorney was guilty only of negligence in failing to prosecute the suit brings respondent within the following language of the Hagedorn case that immediately precedes the language relied upon by respondent, to-wit: 'Again, Hagedorn cannot prevail because he has not shown that he was prevented from making his defense to the Alexanders' suit by *their* fraud or wrongful act.' "

The Supreme Court in Hanks v. Rosser, 378 S.W.2d 31, (Sup.Ct., 1964), said:

"But while manifest injustice to the defaulting party is a material consideration, another is the necessity for there being finality to judgments."

We have considered appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.