J. O. REED et al., Appellants,

v.

Ann SMITH, Appellee.

No. 4426.

Court of Civil Appeals of Texas, Eastland.

Nov. 23, 1970.

Rehearing Denied Dec. 18, 1970.

Huffaker & Green, Gerald Huffaker, Tahoka, Nunn, Griggs, Beall & Wilks, Sweetwater, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, J. M. Lee and Bob Surovik, Abilene, for appellee.

COLLINGS, Justice.

J. O. Reed and wife, Francis May Reed, brought suit against Ann Smith in the District Court on November 10, 1967 seeking to recover damages alleged to have been sustained in an automobile collision. Texas Employers Insurance Association intervened as plaintiff in the case. On February 3, 1970 Judge Raleigh Brown on his own motion dismissed the case for want of prosecution. No motion for new trial or any other action was taken by plaintiffs until April 13, 1970 when the Reeds and the Texas Employers Insurance Association filed an equitable bill of review seeking to vacate the order of dismissal and reinstate the case. After a hearing, the court denied the motion and prayer of the Reeds and Texas Employers Insurance Association for the equitable relief sought. They have appealed.

Appellants' suit against appellee Ann Smith was to recover damages alleged to have resulted because their automobile was forced off the road by appellee on February 11, 1967. Ann Smith filed her answer and Texas Employers Insurance Association filed an intervention seeking to recover $3,394.15 which it had previously paid J. O. Reed in settlement of a workman's compensation claim arising out of said accident. Because of the large number of cases on file in the District Court, appellants' original case was not placed on the trial docket until May 2, 1969, at which time it occupied the position of number 64 on said docket. Appellants' attorney was present at the call of the docket and it was determined that the case would not be reached at that time. While appellants' attorney was in Abilene on that occasion, the deposition of appellee Ann Smith was taken and appellee's attorney was allowed to take the deposition of appellant J. O. Reed.

The record shows that the docket setting which appellants' attorney received in the case on May 2, 1969 was the only docket setting or notice of any kind concerning the case that appellants' attorney or Texas Employers Insurance Association's attorney ever received until March 23, 1970. On the last mentioned date, the attorney for the Reeds learned that the case had been dismissed for want of prosecution.

On May 26, 1969 appellant Reed's attorney wrote to the District Clerk inquiring why he had received no further docket settings concerning the case. Appellants' attorney did not receive a reply from the District Clerk. About ten months later, on March 21, 1970, appellant Reed's attorney wrote to the Judge of the court asking that the case be set down on the next jury docket. On March 23, 1970 such attorney received a letter from the Judge informing him that the case had been dismissed for want of prosecution on February 3, 1970. Neither appellants' attorney nor attorneys for Texas Employers Insurance Association were ever notified after May 2, 1969 that the case was set for trial or that the case would be dismissed for want of prosecution unless the parties plaintiff therein took affirmative action to bring it to trial. Appellants' attorneys were never informed that the case had been dismissed for want of prosecution until Reed's attorney inquired about the matter on March 21, 1970 and was on March 23rd informed by the Judge that the case had been dismissed.

Appellants present several points of error in which it is contended that the court erred in refusing to reinstate their original suit on the docket because (1) they did not receive notice that the case would be set for trial or that it would be dismissed for want of prosecution, (2) because they were not given the right to be heard and to explain any delay that they might have caused in prosecuting the suit, and (3) that the evidence shows appellants were denied due process of law as provided for in the Fourteenth Amendment to the Constitution

of the United States and the provisions of the Texas Constitution.

A motion to reinstate a case is in the nature of a motion for new trial. The time for filing a motion for a new trial had expired and appellants' only relief was by way of a bill of review. A bill of review proceeding is an equitable one designed to prevent manifest injustice. In an application for a bill of review it is held that there are three requisites which must be met by pleadings and proof before a party against whom a default judgment or judgment dismissing his suit for lack of prosecution is entitled to relief. Such prerequisites are (1) a meritorious cause of action must be alleged and proved to support the motion to reinstate the cause, (2) which the petitioner was prevented from making by the fraud, accident or wrongful conduct of the opposite party, (3) unmixed with any fault or negligence on his own part. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (Tex.Sup.1950). Gracey v. West, 422 S.W.2d 913 (Tex.Sup.1968). Hanks v. Rosser, 378 S.W.2d 31 (Tex. Sup.1964). Pulliam v. State of Texas, 442 S.W.2d 856 (Tex.Civ.App.1969, ref. n. r. e.).

An examination of the record shows that appellants' petition for bill of review contains no allegation and there is no proof that the cause of action asserted by them in the main suit against the appellee was or is meritorious. No affidavits or other summary judgment proof presented a prima facie case showing that appellant had a meritorious cause of action. There is no allegation or showing by appellants that their failure to timely prosecute their case was prevented by any fraud, accident or wrongful act of appellee. Appellants assert that they were free of fault or negligence but such assertion is not supported by the record.

Because of appellants' failure to comply with the requisites of alleging and proving a meritorious cause of action which they were prevented from making by the fraud,

accident or wrongful conduct by appellee, unmixed with any fault or negligence on the part of appellants, their points are not well taken and are overruled.

The judgment is affirmed.