Arline B. WEST, Individually, etc., Appellant,

v.

Cleo C. GRACEY, Appellee.

No. 7814.

Court of Civil Appeals of Texas.
Texarkana.

March 21, 1967.

W. J. Knight, Knight, Prappas, Rowland & Caldwell, Houston, for appellant.

Stanley B. Binion, Reynolds, White, Allen & Cook, Houston, for appellee.

DAVIS, Justice.

A summary judgment case.

## HISTORY

M. A. Bouknight, individually and d/b/a State Securities Company, on January 25, 1960, sued Cleo C. Gracey on a series of notes totalling $8,628.79. Citation was served and Gracey filed an affirmative answer alleging an offset of $10,000.00, and, in the alternative, an offset of $3,-333.33, a plea of want of consideration, and a plea of limitation.

On July 4, 1960, M. A. Bouknight died. On August 16, 1960, Mr. Bouknight's Will was admitted to probate in Harris County, and his wife, Arline B. Bouknight, the sole legatee and devisee under his Will, was appointed independent executrix of his estate. Gracey was aware of Bouknight's death, and the appointment of Mrs. Bouknight as independent executrix. The trial court was not.

It was the duty of Mrs. Bouknight to file a suggestion of death and request that she be made a party plaintiff during the first term of court following the death of Mr. Bouknight. Rule 151 Texas Rules of

Civil Procedure. Apparently, Mrs. Bouknight was not acquainted with the law that required her to do so. According to the record, she was not substituted as a party plaintiff in the suit, nor did she make any appearance therein, either in person, or by an attorney. Gracey did not at any time file a suggestion of the death of Mr. Bouknight, or make an application to the clerk of the court to issue a scire facias.

Mrs. Bouknight made known to the attorney whom her former husband had employed to file the suit, that she was desirous of having the same brought to trial and judgment. The attorney assured her that he was prosecuting the suit and that it would be brought to trial in due course. No proceedings were had in the suit from the time Gracey's answer was filed until the clerk of the court prepared a dismissal docket that included the above mentioned suit. The notice was posted in the district clerk's office, in the judicial district courtroom where the case was pending, in the jury assembly room, and a copy was delivered to the "Daily Court Review". No date is shown when either of the above transactions took place. There is no showing what use was made of the notice by the Daily Court Review.

According to the record, post card notices were prepared by the clerk and mailed to all the attorneys of record in each case on the list of cases prepared by the clerk. There is no date shown of the mailing of the post card notices and no proof that they were received by the parties. The notices stated only that the cause would be dismissed for want of prosecution on June 24, 1963. The notice did not advise the addressees, or either of them, that they would have an opportunity to file a motion with the court stating good reasons why the same should remain on the docket. There is no proof in the record that Mrs. Bouknight, or the attorney employed by her husband to prosecute the suit, had received such notices or had any knowledge of the contents thereof.

There is attached to the notice an order of the trial judge, signed on July 5, 1963, reciting that: "On this the 24th day of June, 1963, the above styled and numbered non-jury cases are hereby dismissed for want of prosecution. Costs herein are taxed against plaintiff for which let execution issue."

There is no proof in the record that the post card notice for dismissal that was issued by the clerk was mailed to Mrs. Bouknight. (There is no proof in the record that the clerk knew that Mr. Bouknight was deceased), nor is there any evidence in the record to show that a notice was mailed to Mrs. Bouknight. There is no proof in the record that Mrs. Bouknight ever received such notice. The notices that were allegedly mailed by the clerk simply made the pronouncement that the court had determined to dismiss the suit for want of prosecution.

Finally, Mrs. Bouknight, who, apparently, could not get any satisfaction out of the attorney employed by her husband, made an individual investigation in the District Clerk's office. She learned from the investigation, made on April 22, 1965, that the case had been dismissed for the want of prosecution.

After the judgment of dismissal for the want of prosecution was entered in which the costs were taxed against Mrs. Bouknight, there is no showing that she, or the attorney employed by her husband, was ever called upon to pay the costs.

On May 19, 1965, Mrs. Bouknight filed her sworn Bill of Review. She alleged: (1) that she had a meritorious cause of action and could have proved the same, (2) that by the dismissal of the suit she was wrongfully prevented from proving her cause of action by fraud, accident or wrongful act of Gracey, and (3) such acts were unmixed with any fault or negligence of her own. According to the record, the case *HAD NOT* been set down for trial at any time.

On May 5, 1966, Gracey filed a motion for summary judgment. On May 14, 1966, Mrs. Bouknight filed her first supplemental petition and her reply to Gracey's motion for summary judgment. On July 5, 1966, the trial court granted the motion for summary judgment and Mrs. Bouknight has perfected her appeal therefrom. She brings forward ten points of error.

Mrs. Bouknight has married George B. West and now goes by the name of Arline B. West, and will be hereinafter referred to as appellant. Gracey will be hereinafter referred to as appellee.

OPINION

By her ten points, appellant says the trial court erred in granting the motion for summary judgment because: (1) there were genuine issues of material fact; (2) the order of dismissal was granted without any notice to appellant or her attorney; (3) the original suit had not been set for trial as required by Rule 330(b), T.R.C.P.; (4) the trial court was without jurisdiction to dismiss the cause for want of prosecution because of the former death of Mr. Bouknight; (5) the judgment of dismissal was void or voidable for want of parties; (6) appellant was not guilty of negligence; (7) there were genuine issues of material fact as to appellant's negligence; (8) the trial court had no power or authority, as a matter of law, to dismiss the suit for want of prosecution because of Rule 150 T.R.C.P.; (9) the appellee was guilty of fraud, accident or wrongful act in failing to file a suggestion of death and request the issuance of a writ of scire facias as required by Rule 151, T.R.C.P.; (10) and, that all of such acts prevented appellant from prosecuting her suit.

The original suit was a contested suit from the day that the appellee filed his affirmative defensive answer. It was the duty of the court to set the case for trial as required by Rule 330(b), T.R.C.P., formerly Art. 2092, Sec. 18, R.C.S. This the trial court did not do. The order the trial

judge entered without following the rule was void. Freeman v. Freeman (1959), 160 Tex. 148, 327 S.W.2d 428. The dismissal of this suit for the want of prosecution in effect permitted the appellee to take a default judgment which took away from appellant all the rights she had in her suit. As said by Chief Justice Calvert in Freeman v. Freeman, "[t]he cases supporting that proposition [of law] are legion;" citing many cases. The trial court was without jurisdictional power to enter the judgment of dismissal for want of prosecution in the contested case, without complying with the law. Burton-Lingo Co. v. Lay (Tex.Civ. App.1940), 142 S.W.2d 448, n. w. h. The only way the trial court could have dismissed the case for want of prosecution would have been after the issuance and service of a writ of scire facias and the heirs, or administrators, or executors had failed to appear and prosecute the suit.

In the condemnation case of Northeast Texas Municipal Water District v. Mims (Tex.Civ.App.1965), 389 S.W.2d 347, n.w.h., W. B. Mims, the defendant, had died during the pendency of the suit. Appellee, the plaintiff, did not know of the death until the day the case was set for trial. A suggestion of death was filed by one of the attorneys. Since the case had been pending for quite some time, and had been specially set for trial, the attorneys for the plaintiffs insisted that they go ahead and try the lawsuit because there were quite a few of the heirs present. There had been no answer filed by any of the heirs, administrators, or executors. As a matter of fact, there was not a legal representative that had been served as a defendant. This case, too, was a contested case. The jury found quite favorably towards the deceased Mr. Mims and the plaintiff appealed. This court reversed the judgment of the trial court and remanded the case with instructions that the plea in abatement be sustained and that the appellant be permitted to make new parties. This is required by Rule 152 T.R.C.P., formerly Art. 2080, R.C.S.

Appellee bases much emphasis on the holding of the Supreme Court of Texas in Alexander v. Hagedorn (1950), 148 Tex. 565, 226 S.W.2d 996. Although appellee seemed to rely most heavily upon the negligence of the appellant, or the attorney that had been hired by the appellant's former husband. Judge Brewster made the statement in the original opinion that: "Although negligence is a question of fact for the trial court, * * *." That, and that alone, would prevent a summary judgment in this case. In further discussing the matter, he made the statement that a party might be "betrayed by his attorney." At least the attorney that had been hired to file the original suit was not on the job as he should have been. This does not prove that the appellant was guilty of any negligence at all. According to the pleadings in the original suit, and in appellant's Bill of Review, appellee has borrowed in excess of $8,000.00. This money he is attempting to keep because of a mistake of a trial judge in not following the law and dismissing the original suit for want of prosecution. As said by Judge Smedley in his dissenting opinion in Alexander v. Hagedorn, supra,

> "* * * But this proceeding is a suit in equity. It is permitted to prevent manifest injustice. As observed by the Court of Civil Appeals, the question whether or not respondent was negligent *was one of fact* for the trial court." Emp. added. Citing authorities.

Appellee places much emphasis on the period of time that has elapsed since the suit was filed and the case was dismissed for the want of prosecution. Of course, this all presents a question of fact of whether or not the appellant was guilty of negligence. In the case of Employers Reinsurance Corporation v. Holt (Tex.Sup.1966), 410 S.W.2d 633, the court said that a man who had injured his finger on March 8, 1955, and did not ask the Industrial Accident Board to rule upon the case until November 6, 1963, was still entitled to prosecute his suit in court. In that case, there was no death of anybody. The Board took the position that they did not have jurisdiction of the case because more than 401 weeks had passed since the date of the injury. The Supreme Court held otherwise.

In the case of Alexander v. Hagedorn, supra, the Supreme Court speaks of extrinsic and intrinsic fraud. The law as announced in the Alexander v. Hagedorn case, is not applicable in the case at bar. This case seems to be governed by the law. Rule 150, T.R.C.P. "Death of a Party" was formerly Art. 2078, R.S.C. Rule 151 T.R.C.P. "Death of a Plaintiff" was formerly Arts. 2078 and 2079, R.C.S. Rule 330(b) T.R.C.P. was formerly Art. 2092, Sec. 18, R.C.S. These rules have the same force and effect as did the former statutes.

There has been another slight change in the law since the opinion was written in Alexander v. Hagedorn, supra, by the amendment of Rule 101, T.R.C.P., formerly Art. 2022, R.C.S., amended October 10, 1951, effective March 1, 1952 by making a citation issued to a defendant to read, in part, as follows:

> "The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear *by filing a written answer* to the plaintiff's petition at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days after the date of service thereof, stating the place of holding the court. * * *" Emp. added.

If such had been the law at the time that Hagedorn was served with the citation, that case probably would not be in the books.

Since the appellee actually knew of the death of Mr. Bouknight prior to the time of the order of dismissal for want of prosecution, it became his duty to apprise the court of this fact. His attorney was an officer of the court. When they did not advise the court of the death of Mr. Bouknight, they were guilty of fraud, accident

and a wrongful act which prevented the appellant from prosecuting her suit. J. W. Crowdus Drug Company v. Turner (Tex. Civ.App.1925), 270 S.W. 1041, n. w. h.

A summary judgment cannot be granted that is contrary to the law. Neither can a summary judgment be granted when there are issues of material fact. Standard Life and Accident Insurance Company v. Tubbs (CCA 1965), 389 S.W.2d 338, n. w. h. The points of error are sustained.

The judgment of the trial court is reversed and the case is remanded with instructions to reinstate the same for a trial upon the merit.