**Cleo G. GRACEY, Petitioner,**

v.

**Arline B. WEST, Individually, etc., Respondent.**

**No. B–267.**

Supreme Court of Texas.

Jan. 10, 1968.

Rehearing Denied Feb. 7, 1968.

Reynolds, White, Allen & Cook, Stanley B. Binion and William A. Paddock, Houston, for petitioner.

Knight, Prappas, Rowland & Caldwell, W. J. Knight, Houston, for respondent.

GRIFFIN, Justice.

This is an appeal from a summary judgment rendered in favor of petitioner, Gracey, by the judge of the 55th District Court in a bill of review action brought by respondent, Arline B. West, to set aside a judgment dismissing for want of prosecution a suit brought by her husband, M. A. Bouknight, on promissory notes signed by Gracey and held by Bouknight d/b/a State Securities Company. On appeal the Court of Civil Appeals reversed the trial court's judgment and remanded the cause for a trial on the merits. 413 S.W.2d 791. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

About February 1, 1960, Bouknight filed his suit against Gracey, and citation was duly issued and served. Gracey filed an answer within the period provided by law. On July 4, 1960, Bouknight died. On August 16, 1960, his will was duly probated and respondent, then Arline B. Bouknight, the sole devisee and legatee under this will, qualified as executrix of his estate.

No suggestion of death of Mr. Bouknight was filed by either party to the original suit, as is provided under Rule 151, Texas Rules of Civil Procedure, and no further proceedings were had in the suit on the promissory notes until a few weeks prior to June 24, 1963.

At that time the Clerk of the 55th Judicial District Court, under the direction of the judge, prepared a "dismissal docket" which included the above mentioned suit. The docket stated, over the signature of the judge, that the cases listed thereon would be dismissed for want of prosecution on the 24th day of June unless written motion stating good reasons why same should remain

on the docket was filed before June 17, 1963. The deputy clerk for said court filed an affidavit herein, and as a part of the summary judgment proceedings, stating that in accordance with the court's practice and procedure a copy of said dismissal docket was posted in the District Clerk's main office on the bulletin board; in the 55th Judicial District Courtroom; in the jury assembly room of the Harris County Courthouse; and, in addition, a copy of said dismissal docket was given to the Daily Court Review for publication.

In addition to the posting of said dismissal docket in the three described locations in the Harris County District Courthouse, a post card notice was prepared by the Clerk of the 55th Judicial District Court and mailed to all attorneys of record in each case to be dismissed. The post card contained the style and number of each case and stated that it would be dismissed for want of prosecution on June 24, 1963. In her affidavit opposing the granting of the summary judgment respondent says her attorney told her he did not receive the post card notice. The attorney who represented Mr. Bouknight has no affidavit or deposition on file in this proceeding. Respondent does not contend that the dismissal docket was not posted at the various locations described in the Harris County Courthouse. The attorney for Gracey received the post card notice that the cause would be dismissed.

No written motion was filed by the respondent stating good reasons why said case should remain on the docket nor did respondent's previous attorney of record appear at the time said dismissal docket was called on June 24, 1963, and as a result said cause was dismissed by the judge for want of prosecution. On July 5, 1963, the court signed an order reciting that: "On this the 24th day of June, 1963, the above styled and numbered non-jury cases are hereby dismissed for want of prosecution. Costs herein are taxed against plaintiff, for which let execution issue."

■ On May 15, 1965, Mrs. Bouknight (now Mrs. West), as executrix, filed her bill of review, alleging that she had no knowledge of the court dismissal of the original suit on July 5, 1963, until on or about April 22, 1965, and that she filed this suit as soon as possible thereafter. In her bill of review she alleged that by virtue of the death of the original plaintiff and no suggestion of this death being made, the trial court had no jurisdiction to dismiss the suit. On this contention the respondent in her answer to the application for writ of error states that the order of dismissal was not void but voidable, citing Giddings v. Steele, 28 Tex. 732, 733 (1863); and Milam County v. Robertson, 47 Tex. 222 (1877). This is a correct statement of the law. See also French v. Brown, Tex.Sup., not officially reported, Tex.Sup.Ct. Journal, Vol. 11, p. 132, December 16, 1967.

■ The judgment of dismissal was not beyond the power of the trial court to enter, and more than six months having elapsed, can only be attacked by a bill of review. McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961); Rule 329b, subd. 5, Texas Rules of Civil Procedure.

■ This Court in the case of Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950), discussed the rules of law applicable to bills of review and set out three conditions that must be alleged and proven in cases similar to the one at bar by the losing party before she can successfully invoke a bill of review to set aside a final judgment against him. These three requisites are: (1) a meritorious cause of action must be alleged to support the motion to reinstate the case, (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. These rules have been recognized as stating a correct rule of law by many cases since the discussion in the Hagedorn case. Hanks v. Rosser, Tex.Sup., 378 S.W.2d 31, 34 (1964). The Rosser case modified the rule to the extent that where an officer of the court gives wrong information which

prevents the filing of a motion for new trial by the losing party, the movant in a bill of review is excused from complying with requirement (2) above. Otherwise, the rule of Hagedorn was approved.

■ To show that she was not negligent respondent alleged in her sworn bill of review that she knew of the fact that her husband had the suit pending at the time of his death and that soon after the probate of her husband's will and her qualification as executrix she began inquiring of her attorney (he had filed the suit for her husband) about the case and trying to get him to have the case set for trial and dispose of the suit. She alleged that he would tell her he was seeking to have the court dispose of the case and he would see that this was done. In 1963 when the case was dismissed, being approximately three years after her husband's death and her qualification as executrix, she had received no notice of the court having put this case on the dismissal docket and did not know it had been dismissed for want of prosecution until late April, 1965. She also alleged that her attorney told her he had received no notice that the case was on the dismissal docket and that it would be dismissed unless the plaintiff showed good cause why it should not be dismissed. What she alleges that her attorney told her about lack of notice is hearsay and not competent proof in a summary judgment proceeding. Box v. Bates, 162 Tex. 184 (1961), 346 S.W.2d 317; Rule 166–A, Texas Rules of Civil Procedure. In her affidavit she stated that after the dismissal she continued to consult with her attorney about getting the suit disposed of, and on one occasion he told her the case would be heard soon and asked her to get together certain needed evidence, which she did. She alleged that in April, 1965, she went to the clerk's office and there inquired as to the status of the suit, and for the first time she learned of the dismissal of the suit.

■ The above summarized statement of her pleadings shows that the cause was neglected by her attorney for about three years prior to its dismissal and for an additional two years thereafter. There is no legal excuse or justification set out in her pleadings or in the summary judgment proof. Respondent seeks to excuse this failure to dispose of the case on the ground that she was not negligent, but her attorney was the negligent one, and in such negligence he was failing to carry out her specific instructions to get a trial of the case.

In the case of Dow Chemical Company v. Benton, 163 Tex. 477, 357 S.W.2d 565, 567–568 (1962), in speaking of attorney-client relationship, we said:

■ "In our opinion, all of these suggested situations [examples theretofore set out] are analogous to the present case, and all of the questions posed above must be answered in the negative. The reason is that as long as the attorney-client relationship endures, with its corresponding legal effect of principal and agent, the acts of one must necessarily bind the other as a general rule."

See also Tex. Emp. Ins. Ass'n v. Wermske, 162 Tex. 540, 349 S.W.2d 90 (1961) and cases therein cited.

Respondent cites the cases of Armstrong v. Nixon, 16 Tex. 611 (1895); Shafer v. Smith (Tex.Civ.App., 1924), 262 S.W. 199, writ refused; and Hermann v. Higgins Oil & Fuel Company (Tex.Civ.App., 1924), 260 S.W. 1094, writ refused, as authority for her assertion that the trial judge had no authority to dismiss the original suit. These cases are not in point. In each of them the defendants had filed a motion to dismiss the cause for want of prosecution, and this motion had been sustained by the trial court, and the appeal attacked such order.

In our case the defendant filed no plea in abatement or motion to dismiss. The trial judge dismissed the case for want of prosecution on his own initiative. This case was one of many on the dismissal

docket that were dismissed for the same reason and at the same time.

Respondent relies upon Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (1959), as authority that the trial court had no power to dismiss this suit for want of prosecution because the trial judge had not set the case for trial on its merits as required by Rule 330(b). The Freeman case was an appeal to the district court from a judgment of the probate court probating a will. The district court, on motion of the contestants to the probate of the will, had entered a default judgment setting aside the order of the probate court admitting the will to probate and certifying this judgment to the probate court for observance. This was a disposition of the case on its merits, and this Court held such judgment void as violating Rule 330(b), Texas Rules of Civil Procedure. We further held that, "the law of this state does not authorize a defendant to take a default judgment which adjudicates against the plaintiff the merits of his suit." We also held such a judgment was wholly void.

■ The judgment of dismissal of the cause for want of prosecution is not a judgment on the merits of the cause. Neither was it a default judgment against the plaintiff nor a bar to a suit upon the notes. Murphy v. Stigall (Tex.Civ.App., 1961), 352 S.W.2d 918, writ refused.

■ Respondent cites Rules 150 and 151, Texas Rules of Civil Procedure, for authority that the judge of the 55th Judicial District Court had no power to dismiss this suit until a suggestion of death was made to said court and the legal representative of her deceased husband's estate brought into the suit by a writ of scire facias or by voluntary appearance. Rule 151, in substance, provides that if the plaintiff dies, his heirs or legal representatives may appear and suggest the death of the plaintiff, and the suit shall proceed in his or their names; if the heirs or legal representative of plaintiff's estate do not appear

and suggest his death at the first term of court after the death of the plaintiff, "the clerk upon the application of defendant, his agent or attorney, shall issue a scire facias" to the heirs or legal representative of the estate "requiring him to appear and prosecute such suit." If the heir or legal representative, being served with the scire facias, fails to appear and prosecute the suit, "the defendant may have the suit discontinued." Defendant cannot have the suit discontinued until he has had the scire facias issued and served. The rule contains no prohibition against the court dismissing the suit for want of prosecution on its own motion, and after notice to the parties.

The trial court obtained jurisdiction of the parties by the filing of M. A. Bouknight's original petition and service of citation on Gracey. Rule 150 specifically provides the death of a party shall not cause the suit to abate.

Respondent seeks to justify her failure to get a trial of the case for the three-year period from the death of her husband until the case was dismissed by the trial court and failure to file her bill of review for an additional two years on the ground that her attorney had "betrayed" her. As support for the position she relies on the following language in the Hagedorn case:

> " * * * Only extrinsic fraud will entitle a complainant to relief because it is a wrongful act committed 'by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial. Such, for instance, as where he has been misled by his adversary by fraud or deception, did not know of the suit, *or was betrayed by his attorney*. In other words, fraud which denied him the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert.'" (Emphasis ours.)

Respondent claims she was prevented from prosecuting her case because of the fraud

or wrongful conduct of the defendant's attorney in his not asking for issuance of a writ of scire facias for the plaintiff's representative and thus forcing a trial of the case; that this nonaction by defendant's attorney, coupled with the failure of her attorney to get the case tried and disposed of when she was urging her attorney to dispose of the case, constituted betrayal by her attorney and fraud and wrongful acts by defendant's attorney.

None of respondent's allegations in her bill of review constitute a "betrayal" of respondent by her attorney. They only allege negligence by her attorney. There are no allegations in the bill of review or affidavits of any action taken by defendant's attorney; only of failure to take some affirmative action to assist plaintiff in securing a setting of the case. The record in this cause showing that respondent's attorney was guilty only of negligence in failing to prosecute the suit brings respondent within the following language of the Hagedorn case that immediately precedes the language relied upon by respondent, to-wit: "Again, Hagedorn cannot prevail because he has not shown that he was prevented from making his defense to the Alexanders' suit by *their* fraud or wrongful act."

Respondent contends whether or not the conduct of her and her attorney constituted negligence was a fact issue and prevented the granting of a summary judgment in this proceeding.

In the case at bar there is no dispute as to the facts regarding the conduct and actions of respondent, her attorney, or of Defendant Gracey's attorney and only one inference can be drawn therefrom; therefore, whether or not these acts are negligence is a matter of law. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998.

Rule 151 requires defendant to have a scire facias issued bringing in a deceased plaintiff's representative and his failure to appear before defendant can have the cause discontinued. As was said in the case of Crosby v. Di Palma (Tex.Civ.App., 1911), 141 S.W. 321, writ refused: "Being defendants, no duty rested upon appellees to give attention to the cause with view of forcing a trial, but they could remain entirely passive. Latta v. Wiley (Tex.Civ. App.), 92 S.W. 433, 436."

In the Wiley case (writ of error refused, 1906), the court said:

"* * * The plaintiff in a case is the actor—the one who invokes the aid of the law, and puts its machinery in motion to establish a right or redress a grievance; and upon him necessarily rests the burden of the duty of prosecuting the suit without unnecessary or unreasonable delay. Generally the defendant does not want it prosecuted, nor is it to his interest that it should be. His attitude, as the word 'defendant' implies, is one of defense. He is only required to stand and repel the assaults of his adversary. Until assailed by the plaintiff he may remain perfectly passive, and it may be his policy and interest to continue so."

In the case at bar the defendant may have decided that "time was his best witness" and that so long as the case was not tried, he would suffer no hurt or injury. Whether or not to ask for a discontinuance of the cause was a matter for the defendant to decide. He chose not to make a motion to dismiss the cause, but to await the plaintiff's efforts to obtain a judgment. This decision he had a perfectly legal right to make, and his failure to ask for a scire facias was not wrongful or fraudulent, but merely protecting the interests of his client as he saw the case. Defendant's attorney did nothing to mislead the plaintiff-respondent. This being true, respondent's bill of review fails to measure up to the requirement that plaintiff was prevented from prosecuting her suit by the fraud, accident or wrongful act of the defendant or his attorney, unmixed with any fault or negligence of her own. Her failure to act

was solely the result of the conduct of respondent and her attorney.

For the reasons stated herein we reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.