Lance CARROLL, Appellant-Appellee,

v.

PETRO–CHEMICAL TRANSPORT, INC., Appellee-Appellant.

No. 7500.

Court of Civil Appeals of Texas, Beaumont.

Nov. 29, 1973.

Ernest L. Sample, Beaumont, for appellant.

Fly, Moeller & Stevenson, Victoria, Larry Germer, Orgain, Bell & Tucker, Beaumont, for appellee.

KEITH, Justice.

Both parties appeal from a judgment entered in a bill of review proceeding and we will designate the parties as they appeared in the original litigation, not in the posture in which they appeared in the court below in the bill of review proceeding. We review a most confusing record consisting of four transcripts, two statements of fact, and six briefs, with each party being an appellant and an appellee. Additionally, we have many motions challenging the procedural matters leading up to the invocation of the jurisdiction of this court. Our summary will, of necessity, be somewhat lengthy.

### 1. The Original Suit

Plaintiff sought a monetary judgment against defendant and another corporation,[1] and the cause went to trial on November 16, 1971, in the 172nd District Court of Jefferson County, Texas, before Judge Thomas A. Thomas. The jury verdict was returned on November 22, 1971. Both parties filed motions for judgment, plaintiff on the verdict and defendant for judgment non obstante veredicto.

Judge Thomas heard oral arguments upon the opposing motions for judgment on March 27, 1972; and, on May 4, 1972, notified counsel by letter:

"Plaintiff's Motion for Judgment in the above named and numbered cause is granted, and Defendant's Motion for Judgment is denied."

On May 5, 1972, plaintiff's counsel wrote to Judge Thomas enclosing a "form of judgment" for entry and a copy of his letter along with the enclosure went to opposing counsel. On May 9, 1972, Judge Thomas signed the "form of judgment" sent by plaintiff's counsel, duly noting the date on entry thereon. Rules of Civil Procedure, rule 306a.

On May 12, defendant's counsel addressed a letter to Judge Thomas, sending copies thereof to opposing counsel, objecting to some of the provisions of the "proposed judgment."

Judge Thomas testified that a series of lengthy trials had delayed his decision but, when he made up his mind he wrote the letter of May 4. He recalled having received the May 12 letter from defendant's counsel but said he had no recollection that the judgment had actually been signed before its receipt. He made no reply to the letter.

About May 26, defendant's counsel, Mr. Fly, talked with Judge Thomas by telephone, inquiring if he had received the May 12 letter and was advised that the letter had been received. The conversation was during the recess of another trial, and Judge Thomas's recollection thereof was hazy, as shown by this excerpt:

"I advised him that I had [received the letter] and it [the remaining conversation] was something to the extent that I would let him have an opportunity to propound his position to me whenever the judgment was presented to me, or what

---

1. Continental Casualty Company, one of the original defendants, went out of the case upon the jury findings in the original suit and is not now before this court. No further reference to it will be made.

was I going to do about it, and all this sort of thing; and I said when I had time to do something about it I'd let him know and kind of left it up in the air."

Had he realized the judgment had already been signed and entered at the time he received the letter, the judge said: "I would probably have written him a little note, real quick like, and said that I have entered judgment as of a certain date and then left it to him to take what alternative action he felt was necessary."

At no time did defendant's counsel make inquiry of the district clerk as to the status of the matter, i. e. whether the judgment had been signed and entered; and, in fact, defendant's counsel took no action until the filing of the bill of review on July 26, 1972. This action was precipitated by the attempted levy of execution on July 20.

## 2. The Bill of Review Proceeding

The bill of review brought to set aside the judgment in the original proceedings, was docketed under a separate number in the 172nd District Court and a temporary restraining order, supported by bond in the amount of judgment, was issued restraining the levy of execution on the original judgment. By agreement of the parties, this was continued in effect as a temporary injunction pending final hearing on the bill of review. The cause was then transferred to the 58th District Court for trial.

## A. Defendant's Bill of Review Pleadings

In essence, defendant set out the facts mentioned earlier in our summary of the events leading up to the entry of the judgment. Additionally, it asserted that the judgment had been entered through "inadvertance on the part of" Judge Thomas and unknown to its counsel "contrary to the understanding existing between" counsel and the judge. It further alleged that it had at all times intended to prosecute an appeal from any adverse judgment entered in the original suit and

would have filed timely motions for new trial and would have taken the other subsequent procedural steps timely had the date of entry of the judgment been made known to it.

It prayed that the original judgment be set aside and that the court "thereupon re-enter a judgment . . . as justice would demand." It coupled this allegation with the assertion that it had a meritorious defense and a meritorious motion for new trial "as is indicated by the motions" it had filed in the original suit.

This was followed by conclusory allegations that:

"[T]he loss of the right to appeal was not the result of lack of diligence on behalf of Petro-Chemical or its attorney but through a misunderstanding existing between the Court and the attorney and because of the failure of the Clerk of the Court to perform his official duty."

Further allegations were that its " 'meritorious defense' " included being deprived of its appeal "through accident; and that this is unmixed with any fault or negligence" on its behalf.

## B. Plaintiff's Bill of Review Pleadings

Although plaintiff's pleadings were voluminous, the basic contention, pleaded in several different versions, was that the bill of review affirmatively disclosed neglect of counsel which resulted in the failure to file either a motion for new trial or notice of appeal. It is sufficient to state, at this point, the answer to the bill of review pleaded each contention which we review under this record.

## C. The Trial of the Bill of Review

Over plaintiff's objections, the court accepted a partial verdict and we first summarize the findings made: [1] The jury failed to find that the original judgment was "entered as the result of accident or mistake"; [2] but did find the original judgment was entered without the negli-

gence of defendant "either in the course of the former trial or after judgment." The jury found: [3] that defendant was prevented from appealing because of accident or mistake; [5] that failure of defendant to file a motion for new trial was not intentional or due to conscious indifference; [12] defendant's counsel "had some excuse (not necessarily a good excuse) for not perfecting an appeal" from the original judgment; [13] its counsel "had some excuse (however slight) for not perfecting an appeal" from the original judgment; [14] its counsel did not intend to waive the filing of a motion for new trial; nor [15] did he intend to waive his appeal.

The court also submitted several other issues upon which the jury deadlocked and returned *no* answers. We summarize these issues: [4] Conditioned upon an affirmative answer to No. 3 (which the jury had answered "Yes"), the jury was asked if "the prevention . . . from appealing . . . was without negligence . . . in the course of the former trial or after judgment"; [6] the failure to file a timely notice of appeal or motion for new trial was "partly due to negligence of its own counsel"; [7] whether counsel was negligent in failing, after receiving Judge Thomas's letter of May 4 to inquire of the district clerk, plaintiff's counsel, or Judge Thomas, if the judgment had already been signed; [8] if defendant's counsel was negligent in failing to make direct inquiry of the district clerk, plaintiff's counsel or Judge Thomas, within ten days after May 9, as to whether Judge Thomas had already signed the judgment; [9] if defendant's counsel was negligent in failing to file a notice of appeal or motion for new trial some time on or before May 19; [10] if defendant's counsel was negligent in failing to file a motion for new trial at some time prior to June 8; [11] if defendant's counsel was negligent in failing to make direct inquiry, before June 8, of the district clerk, or the judge.

After overruling plaintiff's motion to declare a mistrial because of the failure of the jury to answer all of the issues, and their alternative motion for judgment, the court entered judgment granting the bill of review and set aside the judgment in the original suit. Further recitations were to the effect that the court considered "all matters in controversy" in the original suit including defendant's motions therein for judgment non obstante veredicto. The court then entered judgment in the same amount in favor of plaintiff as was entered in the original suit; and, specifically granted defendant leave to file a motion for new trial (apparently in the original suit) "if it so desires."

Plaintiff's motion, with all the assignments being directed to alleged errors in the bill of review proceedings, was overruled and the appeal was duly perfected. Defendant's motion for new trial, with all the assignments being directed to alleged errors in the original trial, was also overruled. Under our view of the record, we do not find it necessary to pass directly upon plaintiff's several motions asserting that the defendant failed to perfect its appeal from the order overruling its motion for new trial.

### 3. Sequence of Events

In order that the several important dates may be kept clearly in mind, we set out the following sequence of events in the original suit leading up to the bill of review proceedings. All dates are in 1972.

*March 27:* Judge Thomas heard oral arguments of the parties, plaintiff seeking judgment upon the jury verdict and defendant seeking judgment non obstante veredicto.

*May 4:* Judge Thomas advised counsel by letter that plaintiff's motion for judgment "is granted" and defendant's motion for judgment "is denied."

*May 5:* Plaintiff's counsel sent the original of the "proposed" judgment to

Judge Thomas; a copy of the instrument and letter was sent to defendant's counsel.

*May 9:* Judge Thomas signed and entered the judgment forwarded by plaintiff's counsel. (The clerk did *not* sent notice as required by Rule 306d.)

*May 12:* Defendant's counsel wrote to Judge Thomas objecting to form of judgment prepared by plaintiff's counsel. (No reply to this letter was made by either judge or plaintiff's counsel.)

*May 19:* Last day for filling notice of appeal from judgment. Rule 332.

Last day for filing of motion for new trial. Rule 329b, subd. 1.

*May 26:* Defendant's counsel talked by telephone to Judge Thomas.

*July 20:* Plaintiff levied execution on judgment.

*July 26:* Bill of review filed, execution stayed under temporary restraining order.

## 4. Opinion

■ From the foregoing resume, it is apparent that the entry of judgment by Judge Thomas was not the result of accident or mistake. He had heard the arguments of the parties, studied their briefs, announced his decision in writing, and signed and entered the judgment which carried his pronouncement into effect. This was a solemn judicial act. Finlay v. Jones, 435 S.W.2d 136, 138–139 (Tex. 1968). Thus, Special Issue No. 1, asking if the judgment was entered as a result of accident or mistake, was an immaterial issue, even if defendant had received a fa-

vorable answer (which it did not) to such question. Similarly, Special Issue No. 2, inquiring if the entry of the judgment was without the negligence of defendant (which was answered affirmatively) was immaterial.

The *only* finding by the jury upon which defendant can possibly rely is the answer to Special Issue No. 3, that it was prevented from "appealing because of accident or mistake."[2] There was no definition of "accident or mistake" nor any explanatory instruction given in connection with such issue, although plaintiff had numerous objections thereto. As will be noted hereinafter, this issue was not directed to the conduct of plaintiff's counsel, a requirement of most of the cases to be discussed.[3]

■ These lengthy preliminary remarks lead us to a consideration of the authorities in order to determine the burden under which defendant labored in its attempt to procure relief from the original judgment. Apparently we have the second case involving a bill of review predicated not upon a default judgment, but one entered after a trial. See Perez v. Perez, 427 S. W.2d 703, 704 (Tex.Civ.App., Waco, 1968, no writ). For the reasons therein stated, we agree that the bill of review is an appropriate remedy available to a party who is deprived of his right of appeal from a judgment entered after a trial on the merits.

In our discussion of the questions, we will consider defendant's counterpoints brought forward in the attempt to show why the judgment should not be disturbed. The second counterpoint reads: "Under the facts of the case, no showing of lack of negligence is necessary." In taking this position, defendant has indeed chosen the

---

2. For the reasons to be set out hereinafter, we are of the opinion that defendant cannot prevail on the answers to Special Issues Nos. 12 and 13.

3. "Accident", as applicable to bill of review proceedings, apparently entered our jurispru-

dence for the first time in Garcia v. Ramos, 208 S.W.2d 111, 112 (Tex.Civ.App., San Antonio, 1948, error ref.), without benefit of citation of authorities. We have found no case coupling "mistake" with the word "accident" as used in Special Issue No. 3, mentioned above.

hard road; and, in our discussion, we turn first to the celebrated case of Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (1950), where the Court said:

"Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must *allege and prove*: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." [4]

These rules were restated and reaffirmed in Hanks v. Rosser, 378 S.W.2d 31, 34 (Tex.1964); Gracey v. West, 422 S.W.2d 913, 915 (Tex.1968); and Texas Mach. & Equip. Co. v. Gordon Knox Oil & Exp. Co., 442 S.W.2d 315, 318 (Tex.1969).

The Court also noted in *Hagedorn* that bills of review seeking relief from judgments " 'are always watched by courts of equity with extreme jealously, and the grounds on which interference will be allowed are narrow and restricted'." (226 S.W.2d at 998)

In Hanks v. Rosser, supra, the Court was considering a case wherein the bill of review had sought to reopen a default judgment. The Court went to great length to explain that Hanks's attorney had been misled by the district clerk, causing him to file a belated answer after judgment had been entered; whereas, if the clerk had performed his duties properly, Hanks could and would have filed a timely motion for new trial. Justice Greenhill then stated the controlling facts to be:

"(1) whether the failure to file the answer was either intentional or the result of conscious indifference. Craddock v. Sunshine Bus Lines, supra [134 Tex. 388, 133 S.W.2d 124 (1939)]; (2) whether Hanks was misinformed by the clerk within the time for filing the *mo-*

*tion for new trial, and* (3) thus prevented from filing, or misled into not filing, his *motion in time;* (4) whether Hanks had a meritorious defense; and (5) whether the plaintiff Rosser would not be caused to suffer injury by the granting of the bill of review." (378 S.W.2d at 34–35)

*Rosser* did not abrogate the rule announced in *Hagedorn* and reaffirmed in *Gracey* that, in the ordinary case, the party seeking to escape the default judgment must affirmatively plead and prove that he was not negligent. The Court pointed this out early in the opinion by *assuming* that Hanks was negligent as a matter of law in failing to file an answer; but "[t]his negligence, however, was in failing to file an answer in time, not in his failure to timely file a motion for new trial." (Id. at 34)

In Gracey v. West, supra, the Court explained the decision in Hanks v. Rosser in this manner:

"The Rosser case modified the rule to the extent that where an officer of the court gives *wrong information* which prevents the filing of a motion for new trial by the losing party, the movant in a bill of review is excused from complying with requirement (2) above. Otherwise, the rule of Hagedorn was approved." (422 S.W.2d at 915–916)

■ From our consideration of the leading authorities on the subject, we are of the opinion that the defendant in this cause had the burden of alleging, proving, and procuring findings of fact from the jury as to each of the following propositions.

He was prevented from appealing from the judgment because of: (1) fraud, accident or wrongful act of the opposite party; *or* (2) where an officer of the court, acting in his official capacity in discharge of a duty imposed by law, has given wrong information which prevented the filing of notice of appeal or a mo-

---

4. All emphasis herein has been supplied unless otherwise indicated.

tion for new trial; *and* (3) the failure to appeal was unmixed with any fault or negligence of his own.

■ In our restated rule, applicable to the case at bar, our first and third requirements are common to all of the authorities discussed; namely, *Hagedorn, Rosser, Gracey,* and *Gordon Knox Oil,* supra.

In deference to *Rosser,* as explained in *Gracey,* we are of the opinion that our second requirement should be an alternative to the first. We have omitted the requirement found in so many of the cases, that the moving party must show a meritorious defense. There has already been a trial on the merits and such requirement is not applicable here. Perez v. Perez, supra (427 S.W.2d at 704).

■ Defendant made no effort to show that it was prevented from perfecting its appeal because of any fraud, accident or wrongful act of plaintiff's counsel. It does contend, however, that, having received a copy of its May 12 letter to Judge Thomas raising objections to the "proposed" judgment, and all the time knowing that the judgment had been entered, plaintiff's counsel was under obligation to notify defendant of such fact. The contention is without merit. Plaintiff's counsel was under no duty to notify the defendant of the entry of judgment. Silence under these circumstances, as a matter of law, cannot constitute fraud, accident or wrongful act on the part of plaintiff's counsel. Cf. Banks v. Crawford, 330 S.W.2d 243, 246 (Tex.Civ.App., Houston, 1959, error ref. n. r. e.).

■ Nor did defendant meet our second or alternative requirement. In our case, the district clerk did not *mislead* defendant's lawyer, he simply did not inform. Moreover, defendant never made inquiry of the clerk as to whether the judgment had been entered. Our fact structure is not that presented in *Rosser,* supra. Moreover, although the court below submitted three issues inquiring if defendant was negligent in failing to inquire of the district clerk as to the entry of the judgment, the jury deadlocked and no answers were returned.

*Rosser,* as explained in *Gracey,* involved *wrongful information given in answer to a proper inquiry.* Here, the very rule relied upon by defendant says: "Failure to comply with the provisions of this rule shall not affect the finality of the judgment or order." Rule 306d.

Further, to give effect to defendant's contention, we would be compelled to repeal and expunge the concluding sentence of Rule 306d. This we decline to do. If the mere *omission* on the part of the clerk to perform the duty imposed by the rule were ground for setting aside a judgment, much mischief would likely result. Cf. Texas Mach. & Equip. Co. v. Gordon Knox Oil & Exp. Co., supra (442 S.W.2d at 318). See also, 24 Tex.Law Rev. 223, 224 (1946), announcing a universally recognized rule that unless courts of equity exercise their powers in such proceedings "with the utmost caution . . . judgments would lack finality and litigation would tend to become endless."

Defendant also relies upon Kelly Moore Paint Co. v. Northeast National Bank, 426 S.W.2d 591 (Tex.Civ.App., Fort Worth, 1968, no writ). We do not consider this case applicable for the reasons stated in Swearingen v. Swearingen, 487 S.W.2d 784, 787, fn. 2 (Tex.Civ.App., San Antonio, 1972, error dism.), which we prefer to follow. Defendant's reliance upon Rule 306d is misplaced.

■ It is conceded that defendant's counsel did make a telephone call to Judge Thomas; but, it will be noted from our recitation of the sequence of events, this was long after the time for the giving of the notice of appeal or the filing of a motion for new trial had expired. It was then too late to do either. Furthermore, a lawyer has no right to rely upon a busy trial judge to stop all other proceedings in order to keep him advised of the events

transpiring in court. Instead, a party and his lawyer are chargeable with notice of all orders that are rendered affecting his cases pending in the courts. Pentikis v. Texas Electric Service Company, 470 S. W.2d 387, 390 (Tex.Civ.App., Fort Worth, 1971, error ref. n. r. e.), and authorities therein cited.

■ As applied to the facts of this case, the rule is even stronger. Defendant had been notified that his pending motions had been overruled and that of plaintiff granted and that judgment would be entered for the plaintiff. It was in receipt of a copy of the judgment prepared in accordance with the ruling of the trial judge. With that notice, it is presumed to have knowledge of all that might have been discovered by investigation. Or, as said in Flack v. First Nat. Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628, 632 (1950), quoting from another case: " '[H]e is presumed to know whatever, by the *diligent use* of what information he has, and of the means in his power, he ought to know.' " Counsel had but to call the custodian of the records and inquire if the judgment had been entered. Had he done so, notice of appeal or motion for new trial could have been filed. Had the clerk given him wrong information, reliance upon *Rosser* would then have been appropriate. No inquiry was made; and, no diligence was shown.

After a careful review of the evidence, we are of the opinion that there is no evidence in the record of probative force which would support jury findings that defendant was prevented from perfecting its appeal for any of the reasons set forth in our restated rule.

■ We are cognizant of the practical problems presented by the record in the bill of review proceedings. All persons dealing with our court officials are entitled to presume that an official will perform the duties imposed upon him by law. Kavanaugh v. Underwriters Life Ins. Co., 231 S.W.2d 753, 756 (Tex.Civ.App., Waco, 1950, error ref.). And, we add, such persons have a

right to rely upon such presumption. Had the district clerk performed the official act commanded by Rule 306d, defendant could and would have taken steps to perfect the appeal. But, as distinguished from the situation prevailing in *Rosser*, this was an error of omission, not commission. The clerk did not give wrong information—he did not furnish the required information.

No case called to our attention has held that the mere failure of the clerk to perform the duty of giving notice may be equated to the giving of wrongful information in response to a request. We are not *required* to make that determination in this case; for, there is still another reason why the judgment granting the bill of review was erroneous.

To have prevailed in the bill of review proceedings, it was incumbent upon defendant to procure jury findings: (1) that he was prevented from appealing from the judgment because of fraud, accident or wrongful act of the plaintiff or his counsel; *or* (2) he was prevented from appealing from the judgment because an officer of the court, acting in his official capacity in the discharge of a duty imposed by law, furnished him wrong information which prevented the perfection of the appeal; *and* (3) the failure to perfect the appeal was unmixed with any fault or negligence on the part of the defendant or its counsel.

■ No such issues were submitted to the jury and the defendant did not request submission thereof. Therefore, even if there had been some evidence of probative value supporting answers thereto, the same were waived. Rule 279; Glens Falls Insurance Co. v. Peters, 386 S.W.2d 529, 531 (Tex.1965).

■ Issues Nos. 12 and 13 afford no legal support for the judgment entered below. Findings of "some excuse (not necessarily a good excuse) for not perfecting an appeal" and "some excuse (however slight) for not perfecting an appeal" will not serve to support a judgment setting

aside a solemn final judgment of a district court.

Defendant, therefore, failed in its proof *and* in carrying the heavy burden of persuasion upon the trial of the cause. The judgment granting the bill of review and re-dating the judgment in the original suit cannot stand under the authorities herein cited. It must be reversed and such an order will be entered.

In order that our action may be tested under the appropriate standards of review, we sustain plaintiff's point one and overrule all three of defendant's counterpoints.

Having made this determination, we deem it unnecessary to consider the merits of defendant's appeal from the original judgment or plaintiff's attack upon the jurisdiction of this court to consider such appeal. Such matters are no longer in the case. Cf. Finlay v. Jones, supra (435 S. W.2d at 138).

 Plaintiff has a motion to dismiss the attempted appeal from the original judgment and an alternative motion to affirm on certificate. No notice of appeal having been filed as required by Rule 353(a), we have no alternative but to dismiss the appeal. Donald v. John Vinson, Inc., 344 S.W.2d 751, 752 (Tex.Civ.App., Fort Worth, 1961, error ref.). This court never acquired jurisdiction of the attempted appeal for the reason that no appeal bond was filed within the time required by Rule 356; therefore, we are without authority to affirm the judgment of the trial court on certificate under Rule 387. Lucchese v. Specia, 281 S.W.2d 725, 726 (Tex.Civ.App., San Antonio, 1955, error ref.).

The judgment of the trial court in the bill of review proceedings is reversed and judgment now rendered for plaintiff and against defendant; the attempted appeal from the original judgment is dismissed; plaintiff's motion to affirm the original judgment on certificate is overruled. All costs in all courts are adjudged against defendant. It is so ordered.