# Court of Appeals
## Tenth Appellate District of Texas

10-23-00133-CV

Juan Velasquez,
Appellant

v.

Texas Department of Family Protective Services,
Appellee

On appeal from the
74th District Court of McLennan County, Texas
Judge Gary R. Coley, presiding
Trial Court Cause No. 2022-3682-3

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Appellant Juan Velasquez appeals the trial court's order denying his petition for bill of review from a prior order terminating his parental rights. We will affirm.

## A. Background

After a contested trial before an associate judge, Velasquez's parental rights to two of his children were ordered terminated. Velasquez timely

requested trial *de novo* before the trial court, and after a contested trial Velasquez's parental rights to the two children were again ordered terminated. Velasquez retained counsel to appeal the trial court's final order of termination, but his counsel failed to timely file a notice of appeal. Velasquez then filed a petition for bill of review with the trial court seeking to have the final order of termination vacated. The trial court denied Velasquez's first amended petition for bill of review and his subsequent motion for new trial, motion for reconsideration, and second amended petition for bill of review.

In Velasquez's trial brief, he argued that equitable relief by way of a bill of review is necessary because he was deprived of his right to effective assistance of counsel due to failures of his trial and appellate attorneys, not through any fault of his own. Velasquez's contention was that the right to parent is a "fundamental, constitutional" right that requires extraordinary diligence and error minimization because of the gravity of terminating the parent-child relationship for which a bill of review is an appropriate safeguard. Velasquez brings this appeal and raises four issues.

## B. Issue Three

We construe Velasquez's third issue as a complaint that the trial court erred in denying Velasquez's petition for bill of review because he suffered a due process violation and therefore he was relieved of the requirement that he plead and prove (1) a meritorious defense to the underlying cause of action, (2)

which the petitioner was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, but was only required to plead and prove that there was no fault or negligence on his own part in failing to perfect his appeal of the termination proceeding.

1. Authority

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *In Interest of Child*, 492 S.W.3d 763, 766 (Tex. App.— Fort Worth 2016, pet. denied) (citing *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006); *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998)).  A petitioner must file a petition for bill of review to invoke the equitable powers of the trial court.  *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979).  The petitioner must show sufficient cause for the court to grant the bill of review.  *See* TEX. R. CIV. P. 329b(f).  "Courts narrowly construe the grounds on which a plaintiff may obtain a bill of review due to Texas's fundamental public policy favoring the finality of judgments." *Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 812 (Tex. 2012).  "In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion."  *Saint v. Bledsoe*, 416 S.W.3d 98, 101 (Tex. App.—Texarkana 2013, no pet.) (citing *Nguyen v. Intertex*,

*Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.), overruled on other grounds by *Glassman v. Goodfriend*, 347 S.W.3d 772 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *Harris v. Elm Oil Co.*, 183 S.W.2d 216, 218 (Tex. Civ. App.—Texarkana 1944, writ ref'd w.r.m.)).

A bill of review petitioner must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the petitioner was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). However, when a bill-of-review petitioner claims a due process violation for no service or notice, they are relieved from proving the first two elements. *Mabon Ltd.*, 369 S.W.3d at 812.

If a party fully participated throughout the prior suit and has been prevented from perfecting appeal, they are required to plead and prove in the bill of review proceeding (1) a failure to file a motion for new trial or a failure to advance an appeal, (2) caused by the fraud, accident or wrongful act of the opposing party or by an official mistake, (3) unmixed with any fault or negligence of their own, and (4) a meritorious ground of appeal. *See Thompson v. Ballard*, 149 S.W.3d 161, 164 (Tex. App.—Tyler 2004, no pet.); *McDaniel v. Hale*, 893 S.W.2d 652, 663 (Tex. App.—Amarillo 1994, writ denied). "A meritorious ground of appeal is one that, had it been presented to the appellate

court as designed, might, and probably would, have caused the judgment to be reversed." *See Morris v. O'Neal*, 464 S.W.3d 801, 807 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Procedurally, the petitioner must present to the court prima facie proof to support his claims of a meritorious ground on appeal as a pre-trial matter. *Thompson*, 149 S.W.3d at 165 (citing *Petro–Chem. Transp. Inc. v Carroll*, 514 S.W.2d 240, 245 (Tex. 1974); *McDaniel*, 893 S.W.2d at 663). At the pre-trial stage, the only relevant inquiry is whether the petitioner has made a prima facie showing of a meritorious ground of appeal. *Ballard*, 149 S.W.3d at 165 (citing *Beck v. Beck*, 771 S.W.2d 141, 142 (Tex. 1989); *Martin v. Martin*, 840 S.W.2d 586, 591 (Tex. App.—Tyler 1992, writ denied). The Supreme Court of Texas explained what constitutes prima facie proof and how it is to be presented:

> Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with such other evidence that the trial court may receive in its discretion. The bill of review defendant may respond with like proof showing that the defense is barred as a matter of law, but factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination. If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case.

*Baker*, 582 S.W.2d at 409.

If a prima facie showing has been made, the court should conduct a full trial on the merits of the underlying case. *Baker*, 582 S.W.2d at 408–09. The court may, in its discretion, conduct the trial of the issues in one hearing or in separate hearings. *Baker*, 582 S.W.2d at 409.

A bill of review is proper only when a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment. *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Wolfe v. Grant Prideco, Inc.*, 53 S.W.3d 771, 773 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). This due diligence requirement is distinct from the elements of the bill of review. *Davis*, 227 S.W.3d at 302 (citing *Caldwell*, 975 S.W.2d at 537–38). The rule applies even when the failure to pursue available legal remedies results from the negligence or mistake of a party's attorney. *Gracey v. West*, 422 S.W.2d 913, 916 (Tex. 1968); *Thompson v. Henderson*, 45 S.W.3d 283, 288 (Tex. App.—Dallas 2001, pet. denied). "Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999).

2. Discussion

On January 20, 2023, the trial court conducted a hearing on the bill of review. The live pleading at the time of the hearing was Velasquez's first amended petition for bill of review which read, in relevant part, as follows:

Facts

6. In the earlier suit, on February 5, 2021, Plaintiff, filed suit in the 74th District Court against Defendant, now Petitioner and Plaintiff, Cause No. 2021-319-3, and later 2021-320-3, the two children were severed out, styled Department of Family Protective Services vs. Juan Velasquez, claiming Original Petition for Protection of a child, for conservatorship, and for termination in suit affecting the parent- [sic]. A Judgment was improperly taken against Defendant on July 12, 2022. A copy of the Judgment is attached as Exhibit A and incorporated by reference. More than thirty days have passed since the Judgment was signed. Less than six (6) months have passed from the cause of action accruing. This Court in which the original suit was filed has proper jurisdiction.

. . .

Due Process Violation

8. Defendant wrongfully obtained the Judgment in violation of Plaintiff's due process by failing to consider evidence of the separation of Juan Velasquez and his wife.

During the hearing on the first amended petition for bill of review, Velasquez's counsel argued that he wanted to present evidence of actions taken by Velasquez after the *de novo* termination hearing. The Department argued against any such evidence because of the "prerequisites" that must be established before a court can consider a bill of review on the merits. Despite the trial court's concerns, and over the Department's objection, the trial court

allowed some brief testimony by Velasquez and an offer of proof by his counsel that included a request for a new final hearing. The substance of the evidence and offer went to whether Velasquez had separated from the mother of the children and whether he was a good father to the children. The trial court then took the first amended bill of review under advisement before ultimately denying the requested relief.

Within ten days of the trial court's denial of Velasquez's petition for bill of review, new counsel for Velasquez filed a notice of appearance and designation of lead counsel. Shortly thereafter, Velasquez's new counsel filed a "Motion for Reconsideration and Motion for New Trial" and a supporting trial brief. After filing the motions and the brief, counsel for Velasquez filed a second amended petition for bill of review which read, in relevant part, as follows:

Facts

6. In the earlier suit, on February 5, 2021, Plaintiff, filed suit in the 74th District Court against Defendant, now Petitioner and Plaintiff, Cause No. 2021-319-3, and later 2021-320-3, the two children were severed out, styled Department of Family Protective Services vs. Juan Velasquez, claiming Original Petition for Protection of a child, for conservatorship, and for termination in suit affecting the parent- [sic]. A Judgment was improperly taken against Defendant on July 12, 2022. A copy of the Judgment is attached as **Exhibit A** and incorporated by reference. More than thirty days have passed since the Judgment was signed. Less than six (6) months have passed from the cause of action accruing. This Court in which the original suit was filed has proper jurisdiction. (emphasis original)

. . .

Due Process Violation

8. Defendant wrongfully obtained the Judgment in violation of Plaintiff's due process as outlined in the brief attached hereto as **Exhibit B**, which is specifically included by reference, as if fully set forth herein. Petitioner's Bill of Review should be granted for numerous reasons. First, Petitioner's appellate counsel's failures resulted in Petitioner being wholly deprived of his right to appeal this matter. Second, Petitioner's appellate counsel's failure to file a motion for new trial resulted in the waiver – certainly unintentional on the part of Petitioner – of both evidentiary and factual insufficiency arguments that would have been available to Petitioner on appeal. Third, Petitioner's trial counsel allowed large amounts of objectionable evidence to come in during trial, thus waiving many potential appellate arguments. In sum, the equitable bill of review should be granted because if proper objections had been raised at trial and his appellate counsel had prosecuted the appeal, Petitioner could have obtained a different outcome than the termination he has thus far suffered. (emphasis original)

In the trial brief attached to and incorporated into Velasquez's second amended petition for bill of review, Velasquez asserted that his appellate counsel's failure to file a motion for new trial resulted in the forfeiture of many evidentiary and factual sufficiency issues on appeal and that counsel's failure to file a timely notice of appeal resulted in the loss of his right to appeal. He maintained the bill of review should be granted because he was entitled to his due process right of effective assistance of counsel through the deadline for filing his notice of appeal and a denial of such amounted to a structural defect in the proceeding. Velasquez asserted that the deprivation at issue should be

characterized as a "structural defect" analogous to criminal cases when a defendant is denied an entire level of review. His contention was that in criminal cases, habeas corpus provides redress for such structural defects; and here, the bill of review should fill that gap in civil parental rights terminations. Velasquez argued that effective assistance of counsel, as a due process right, should be afforded the same treatment parties receive when they have been denied due process because they were not served or given notice of a pending lawsuit resulting in a default judgment. He cited to *Caldwell v. Barnes* as authority and argued that because of the due process nature of his claim, he should be relieved of showing the first two elements required for the grant of a bill of review and is only required to show lack of fault or negligence on Velasquez's part. *See Caldwell*, 154 S.W.3d at 96-97.

The Department argued in its response to Velasquez's motions and second amended petition for bill of review that Velasquez failed to plead or prove the requisite elements for relief under an equitable bill of review. The Department maintained that Velasquez must plead and prove specific elements, including the existence of a meritorious ground for appeal and lack of any personal fault in missing deadlines.

The trial court took the post-ruling petition and motions under submission and subsequently entered an order that denied all of Velasquez's requested relief.

As a party who fully participated throughout the parental-rights termination suit and has been prevented from perfecting appeal, Velasquez is required to plead and prove in his bill of review proceeding (1) a failure to file a motion for new trial or a failure to advance an appeal, (2) caused by the fraud, accident or wrongful act of the opposing party or by an official mistake, (3) unmixed with any fault or negligence of their own, and (4) a meritorious ground of appeal. *See Ballard*, 149 S.W.3d at 164; *McDaniel*, 893 S.W.2d at 663. In addition to pleading and proving the above items, Velasquez must show that he exercised due diligence in pursuing all adequate legal remedies against a former judgment. *See Davis*, 227 S.W.3d at 302. The traditional test used to determine whether a party has been diligent is whether the litigant and their counsel used such care as a prudent and careful person would ordinarily use in their own cases of equal importance. *In re A.L.H.C.*, 49 S.W.3d 911, 916 (Tex. App.—Dallas 2001, pet. denied) (citing *Lambert v. Coachmen Indus. of Tex., Inc.*, 761 S.W.2d 82, 88 (Tex. App.—Houston [14th Dist.] 1988, writ denied); *Conrad v. Orellana*, 661 S.W.2d 309, 313 (Tex. App.—Corpus Christi-Edinburg 1983, no writ)).

Here, Velasquez places all responsibility for the failure to file a notice of appeal in the underlying case squarely on his then appellate counsel. Velasquez does not deny that he had knowledge of the order terminating his parental rights and acknowledges that the trial court in the underlying case

"signed an appealable order on July 22, 2022." Velasquez details in his sworn declaration that he hired appellate counsel on June 3, 2022, before entry of the appealable order, for the purpose of appealing the order terminating his parental rights in the underlying case. Velasquez did not allege that notice was not given when the order terminating was signed in the underlying case, nor did Velasquez explain his appellate counsel's failures or present any evidence in an effort to do so. A principal-agent relationship is included in the attorney-client relationship that results in the acts of one binding the other, as a general rule. *Gracey*, 422 S.W.2d at 916. Therefore, Velasquez's allegation of attorney negligence is not a sufficient ground to support a bill of review. *See Transworld Fin. Services Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987) (citing *Gracey*, 422 S.W.2d 913); *see also King Ranch, Inc.*, 118 S.W.3d at 752.

Velasquez's primary assertions throughout his trial brief were that his "trial counsel and appellate counsel failed him most grievously" and that "[t]he worst failures were committed by [Velasquez's] appellate counsel." However, an injustice in a final order will not support relief for a party by a bill of review. *In re Marriage of Noonan*, 280 S.W.3d 339, 344 (Tex. App.—Amarillo 2008, pet. denied) (citing *Crouch v. McGaw*, 134 Tex. 633, 138 S.W.2d 94, 96 (1940)). We conclude the trial court did not abuse its discretion in denying Velasquez's requested relief in his bill of review proceeding.

With regard to Velasquez's due process claims we have found no authority, nor has Vasquez directed us to any that would relieve him of his heavy burden in seeking a bill of review, except when a due-process violation occurs because of no service of process, or no notice of trial setting or dispositive hearing. As an intermediate appellate court, we are bound to follow the existing legal precedent. If an exception is to be made here, that is within the sole province of the Supreme Court of Texas.

We overrule issue three.

## C. Conclusion

Because Velasquez's third issue is dispositive of the appeal, we need not consider his other issues. *See* TEX. R. APP. P. 47.1. We affirm the order of the trial court.

---

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: August 14, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
CV06

