**Affirmed as Modified and Opinion filed November 3, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00771-CV

### HARRIS COUNTY, TEXAS, Appellant

### V.

### GERALD GAMBICHLER, Appellee

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-68385**

## O P I N I O N

After filing an intervention in a personal injury lawsuit based on its subrogation rights as the plaintiff's workers' compensation insurer, Harris County, Texas failed to appear for trial and was dismissed from the lawsuit with prejudice against refiling. In this appeal, Harris County simply seeks reformation of the trial court's judgment to indicate it was dismissed ***without*** prejudice. We agree and so reform the judgment.

## *Background*

Tracey Ellis sued Gerald Gambichler for injuries she sustained in a traffic incident allegedly caused by Gambichler on November 16, 2009. Ellis, the sole witness at trial, acknowledged she was a Harris County employee and was sitting in a Harris County vehicle at the time of the incident. She testified extensively regarding her injuries and treatment. Ellis filed her lawsuit on November 10, 2011. On November 30, 2012, Harris County filed its Original Intervention, alleging Gambichler had caused the traffic incident that injured Ellis and that Ellis had elected to receive workers' compensation benefits including medical treatment and income benefits. Harris County specifically sought recovery of Ellis's common law damages to the extent it was entitled to recoup the workers' compensation benefits it had paid to her. Harris County represented in the intervention that Ellis had been paid approximately $16,433.76 in benefits but that amount could increase if Ellis received additional benefits. Harris County further asserted that it had a lien against any recovery Ellis might receive from her lawsuit. Lastly, Harris County asserted that it sustained property damages, but it did not provide any details regarding those alleged damages.

As noted, counsel representing Harris County did not appear for trial, which began on January 13, 2014. At the beginning of the trial, the judge noted the intervention and Harris County's absence and stated: "[I]f Harris County does not appear prior to the end of evidence in this case, the Court will dismiss Harris County's intervention." After both Ellis and Gambichler rested and the jury retired for deliberations, the judge stated: "This Court stated at the outset that once the evidence closed, if the County had not appeared, the County would be dismissed. The County to this date has not appeared. Evidence has been closed. The jury is in deliberation and the Court dismisses the County's intervention with prejudice."

Thereafter, the jury returned a verdict in Ellis's favor, assessing her total damages to be $3,500, including $1,500 for past physical pain, $1,500 for past mental anguish, and $500 for past physical impairment. Although asked, the jury did not award any amount for future physical pain, mental anguish, or impairment, or for past medical care expenses incurred by Ellis. The jury was not asked about lost earning capacity. The trial judge then signed a judgment awarding damages to Ellis as found by the jury. The judgment further recites that "[i]t is further ordered and adjudged by the Court that the cause of action of Harris County, Texas is dismissed with prejudice and that Harris County, Texas take nothing by way of this action."

In its Motion to Modify the Judgment, Harris County argued that the trial court erred in not awarding to it the sums that Ellis was to receive from Gambichler and that even if a dismissal was warranted, it should have been without prejudice. Harris County attached to its motion an affidavit and records representing that Harris County paid $16,433.76 in workers' compensation benefits for Ellis. In its order denying the Motion to Modify, the trial court stated that Harris County's claims were dismissed for want of prosecution pursuant to Texas Rule of Civil Procedure 165a(1).

### *Discussion*

In its sole issue on appeal, Harris County contends the trial court erred in dismissing it from the lawsuit with prejudice rather than without prejudice. When a claim is dismissed with prejudice, a subsequent suit based on that claim is barred by the doctrine of res judicata. *See Matthews Const. Co., Inc. v. Rosen*, 796 S.W.2d 692, 694 n.2 (Tex. 1990); *Sommers v. Concepcion*, 20 S.W.3d 27, 37 (Tex. App.— Houston [14th Dist.] 2000, pet. denied). Dismissal of a claim without prejudice does not prevent the filing of a subsequent action based on that claim. *See Vill. of*

3

*Tiki Island v. Premier Tierra Holdings, Inc.*, 464 S.W.3d 435, 444 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We generally review a trial court's dismissal for want of prosecution under an abuse of discretion standard. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam); *Sepeda v. State*, No. 14-14-00443-CV, 2015 WL 4366220, at *2 (Tex. App.—Houston [14th Dist.] July 16, 2015, no pet. h.). A trial court abuses its discretion when it fails to analyze or apply the law correctly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).

Rule 165a provides that "[a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex. R. Civ. P. 165a(1). It is undisputed that Harris County sought affirmative relief and failed to appear for trial.[1] It is well-settled that dismissal of a case with prejudice functions as a final determination on the merits. *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam). But a dismissal for want of prosecution is not a determination on the merits, and therefore dismissal with prejudice in such circumstances is improper. *Martinez v. Benavides*, No. 01-14-00269-CV, 2015 WL 1501793, at *3 (Tex. App.—Houston [1st Dist.] Mar. 31, 2015, no pet.) (mem. op.); *see also Gracey v. West*, 422 S.W.2d 913, 917 (Tex. 1968) ("The judgment of dismissal of the cause for want of prosecution is not a judgment on the merits of the cause."); *cf. Porras v. Jefferson*, 409 S.W.3d 804, 807-08 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("[T]hough a trial court has the inherent power to dismiss a case for want of prosecution, this power does not confer upon the court the authority to adjudicate and deny the merits of the dismissed claim."). An order of dismissal for want of prosecution should simply place the parties in the position they were in prior to filing the suit. *See Martinez*, 2015 WL 1501793, at *3; *Dick Poe Motors, Inc. v.*

---

[1] In its briefing, Harris County suggests that it did not receive sufficient notice of the trial setting, but it does not raise any appellate issues based on this suggestion.

4

*DaimlerChrysler Corp.*, 169 S.W.3d 478, 485 (Tex. App.—El Paso 2005, no pet.).

As discussed above, in the present case, a trial in fact occurred on Ellis's underlying personal injury claims. However, though Harris County did not participate in the trial, a workers' compensation insurer is not required to intervene in a third-party action to enforce its right to reimbursement. *See Autry v. Dearman*, 933 S.W.2d 182, 188 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *Home Indem. Co. v. Pate*, 814 S.W.2d 497, 500–01 (Tex. App.—Houston [1st Dist.] 1991, writ denied); *see also Travelers Ins. Co. v. Seidel*, 705 S.W.2d 278, 281 (Tex. App.—San Antonio 1986, writ dism'd) ("It is only as a matter of judicial economy that courts permit the carrier to intervene in the suit between the employee or his representative against the third party tortfeasor."). Accordingly, the trial court abused its discretion in dismissing Harris County's claims "with prejudice." *See Noble v. Meyers*, 13 S.W. 229, 229-30, 76 Tex. 280, 281-82 (1890) (holding trial court erred in entering judgment on the merits against intervenor who failed to appear for trial and proper judgment would have been to dismiss intervention without prejudice). We therefore sustain Harris County's sole issue.

We modify the trial court's judgment to strike the words "with prejudice" in the first paragraph and the words "with prejudice and that Harris County, Texas take nothing by way of this action" in the fifth paragraph. We affirm the judgment as so modified.

/s/    Martha Hill Jamison
Justice

Panel consists of Justices Jamison, McCally, and Wise.