**Reversed and Remanded and Memorandum Opinion filed March 30, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00050-CV

## IN THE MATTER OF THE MARRIAGE OF DARLENE HADLEY MOURET AND TROY PATRICK MOURET

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2019-45723**

## M E M O R A N D U M    O P I N I O N

This is an appeal of the second divorce action between Troy Patrick Mouret and Darlene Hadley Mouret. In the first case, Troy was the petitioner and the trial court initially rendered a default judgment against Darlene;[1] however, the trial court granted Darlene's motion for new trial and later dismissed the action for want of prosecution. In this, the second divorce case, Darlene is the petitioner, and she appeals the order dismissing the action, which seems to have been based on Troy's

---

[1] Because the parties share the same surname, we refer to them by their given names.

motion to dismiss on the ground of res judicata. Troy asserts that the default judgment initially rendered in the first case now bars Darlene's action; according to Troy, the order granting the motion for new trial in the first action was ineffective because it did not expressly specify that it vacated the default judgment. Troy is mistaken, and the trial court erred in dismissing Darlene's case on this theory. Because a new trial was granted in the first action, the default judgment was vacated as a matter of law. Thus, the final judgment in the first action was the dismissal for want of prosecution, which has no res judicata effect. We accordingly reverse the judgment and remand the case for further proceedings consistent with this opinion.

## I.

Troy petitioned for divorce from Darlene in Cause No. 2017-71758 ("the First Action"). Darlene did not answer, and on August 23, 2018, the trial court rendered default judgment against her. The trial granted Darlene's motion for new trial and set a new trial date of March 25, 2019. It appears that either Troy or both parties failed to appear in person or through counsel, because on March 26, 2019, the trial court dismissed Troy's case for want of prosecution. Darlene moved unsuccessfully to have the case reinstated, and there is no indication in the record that either party appealed the dismissal.

Inasmuch as a dismissal for want of prosecution is without prejudice,[2] Darlene filed her own petition for divorce on July 5, 2019, and the case was assigned Cause No. 2019-45723 ("the Second Action"). Troy moved to dismiss the case on the ground of res judicata. He averred that the trial court had granted a default judgment against Darlene in the First Action, and although Troy acknowledged that the trial court subsequently signed an order granting Darlene's motion for new trial in that

---

[2] *See Harris Cnty. v. Gambichler*, 479 S.W.3d 514, 516 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

2

case, Troy nevertheless asserted, without supporting authority, that the motion for new trial was ineffective because it did not include language expressly vacating the default judgment. He additionally acknowledged that the trial court subsequently signed an order dismissing the First Action, but he evidently considers that order ineffective as well. It therefore was, and is, Troy's position that the default judgment initially rendered in the First Action is the final judgment in that suit, and that it has a res judicata effect, barring the Second Action for divorce.

Darlene filed a response to Troy's motion and counsel for both parties appeared at the hearing on the motion. Sixteen days later, the trial court dismissed Darlene's case without prejudice.

## II.

Darlene first argues on appeal that the trial court abused its discretion in resurrecting a default final judgment after a new trial had been granted. Because there is no order in the record purporting to revive the default judgment, Darlene's first issue presents nothing for review.[3]

---

[3] This issue, and Troy's argument that the default judgment in the First Action was not set aside but remained the final judgment in that case, appear to rest on a docket sheet entry in the First Action, which Troy attached to the motion to dismiss at issue in this appeal. The docket sheet in the First Action contains the following entry for May 16, 2019, that is, about six weeks after the First Action was finally dismissed for want of prosecution: "Motion to reinstate. Counsel for R appeared. Neither P or counsel appeared. Motion denied (*Did not set aside default judgment in prior motion granting new trial so court lost plenary power in January 2019.*)" (emphasis added). The emphasized language, however, has no legal effect, because "docket entries . . . can neither change nor enlarge judgments or orders as entered in the minutes of the court." *Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 384–85, 110 S.W.2d 561, 566 (Comm'n App. 1937, opinion adopted); *see also Util. Pipeline Co. v. Am. Petrofina Mktg.*, 760 S.W.2d 719, 723 (Tex. App.— Dallas 1988, no writ) ("[T]he docket sheet cannot stand as an order or substitute for such record.").

In her third issue, Darlene challenges the property division reflected in the default judgment initially rendered in the First Action. Because this is not an appeal of the First Action, this issue, too, is not properly before us.[4]

In her second issue, however, Darlene asks whether, to be valid, an order granting a new trial must specifically state that it is setting aside the challenged judgment. We understand this issue to challenge the sole ground on which Troy sought, and the trial court granted, dismissal of the Second Action—namely, whether the order granting Darlene's motion for new trial effectively set aside the earlier default judgment, making the First Action's dismissal for want of prosecution the final judgment in that suit, or conversely, whether Troy was correct in asserting that the default judgment was the final judgment in the First Action. Because the correctness of the judgment dismissing the Second Action turns on the legal effect of the orders in the First Action, this issue is properly before us. This matter requires us to construe the trial court's orders. When a judgment's language is unambiguous, we interpret it literally. *Reiss v. Reiss*, 118 S.W.3d 439, 441–42 (Tex. 2003). If the judgment instead is subject to more than one reasonable interpretation, we adopt the construction that correctly applies the law. *Id.* at 42.

## III.

We must construe the trial court's orders in the First Action because they determine whether Troy proved that the Second Action is barred by res judicata. Res judicata is an affirmative defense, and to prevail upon it, the defendant must prove each of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims that were raised, or that could have

---

[4] Moreover, for the reasons explained in section III, *infra*, the default judgment rendered in the First Action is a nullity.

been raised, in the first action. *See* Tᴇx. R. Cɪv. P. 94; *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007); *Philips v. McNease*, 467 S.W.3d 688, 697 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Here, only the first element is disputed.

A default judgment can constitute a determination on the merits for res judicata purposes. *See Reliance Capital, Inc. v. G.R. Hmaidan, Inc.*, No. 14-07-01059-CV, 2009 WL 1325441, at *4 (Tex. App.—Houston [14th Dist.] May 14, 2009, pet. denied) (mem. op.). But, dismissal for want of prosecution is not a judgment on the merits; thus, it does not bar a subsequent suit. *Gracey v. West*, 422 S.W.2d 913, 917 (Tex. 1968); *Harris Cnty. v. Gambichler*, 479 S.W.3d 514, 516 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Darlene is correct that the default judgment in the First Action was set aside, and the final judgment in that suit was a dismissal without prejudice for want of prosecution.

The "Order on Motion for New Trial" in the First Action stated, "After a hearing today on Darlene Mouret's Motion for New Trial, IT IS ORDERED that a new trial in this matter is granted. A new trial is set for March 25, 2019." There is no legal basis for Troy's assertion that the order, which unambiguously granted Darlene's motion and specifically set the date for retrial, was nevertheless ineffective simply because the order did not also include language expressly stating that the prior judgment was set aside. Such language would be redundant, because "[g]ranting a new trial has *the legal effect* of vacating the original judgment and returning the case to the trial docket as though there had been no previous trial or hearing." *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (emphasis added); *Long John Silver's Inc. v. Martinez*, 850 S.W.2d 773, 777 (Tex. App.—San Antonio 1993, writ dism'd w.o.j.) (same); *see also In re Marriage of Wilburn*, 18 S.W.3d 837, 843–44 (Tex. App.—Tyler 2000,

pet. denied) ("[T]o the extent the trial court had determined property rights in the initial divorce decree, the order granting new trial vacated those determinations . . . ."). And, "[a] judgment that has been 'vacated has no legal effect.'" *Haden v. Granmayeh*, No. 01-19-01013-CV, 2020 WL 7391708, at \*3 (Tex. App.—Houston [1st Dist.] Dec. 17, 2020, no pet.) (mem. op.) (quoting *Pringle v. Moon*, 158 S.W.3d 607, 610 (Tex. App.—Fort Worth 2005, no pet.)). Stated differently, "when the trial court grants a motion for new trial, the court essentially wipes the slate clean and starts over." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *In re E.C.*, 431 S.W.3d 812, 816 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (same). In an illustrative example, the Supreme Court of Texas stated in *Wilkins* that "the trial court wiped the slate clean when it granted Wilkins's motion for new trial; it is as though the court's first order granting summary judgment never existed." *Wilkins*, 160 S.W.3d at 563.

The same is true here. When the trial court granted Darlene's motion for new trial in the First Action, it was as though the previously rendered default judgment ceased to exist. Thus, the subsequently rendered dismissal for want of prosecution is the final judgment in the case, and because such a dismissal is not a judgment on the merits, it has no res judicata effect. We accordingly conclude that the trial court erred in dismissing the Second Action.

We sustain Darlene's second issue, reverse the judgment, and remand the case for further proceedings consistent with this opinion.

/s/ Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.