**Reverse and Remand and Opinion Filed April 21, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-19-00630-CV

### TRENT S. GRIFFIN, Appellant
### V.
### AMERICAN ZURICH INSURANCE COMPANY, Appellee

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-05893**

## MEMORANDUM OPINION
Before Justices Schenck, Molberg, and Nowell
Opinion by Justice Molberg

In his second appeal in this case,[1] appellant Trent S. Griffin, appearing pro se,

appeals the trial court's final judgment and argues the trial court abused its discretion

in dismissing his claims with prejudice.  We agree and reverse, as we explain below.

BACKGROUND

We draw certain facts from our prior opinion.  This is a suit for judicial review

of a decision of the Texas Department of Insurance—Workers' Compensation

---

[1] *See Griffin v. Am. Zurich Ins. Co.*, No. 05-14-01510-CV, 2016 WL 4039257 (Tex. App.—Dallas July 26, 2016, pet. denied) (mem. op.) (dismissing appeal for want of jurisdiction because the trial court had not yet entered a final order and thus had no jurisdiction to consider appellant's complaints regarding the trial court's summary judgment rulings).

Division ("the Division"). On February 21, 2012, Griffin suffered an on-the-job injury and made a claim for workers' compensation benefits. American Zurich Insurance Company ("Zurich") accepted the claim and began paying temporary income benefits. The Division subsequently designated a doctor to determine whether Griffin had reached maximum medical improvement and, if so, what his impairment rating was. The designated doctor determined that Griffin had suffered a neck and shoulder soft tissue injury and also diagnosed him as having degenerative conditions of the shoulder and neck. The designated doctor concluded the degenerative conditions were most likely preexisting, but required further evaluation. The designated doctor nevertheless evaluated the soft tissue injuries and, based on those injuries, determined Griffin had reached clinical maximum medical improvement (MMI) on April 26, 2012, and had a zero percent impairment rating. He stated he would obtain an EMG and MRI and provide an addendum if the results altered his conclusions. One week later, the designated doctor finalized his report without additional testing because Griffin was unable to schedule both an EMG and an MRI within the time limits required by the Division. A doctor selected by Griffin's treating physician subsequently examined Griffin. That doctor diagnosed Griffin with a cervical disc displacement and cervical radiculitis and concluded Griffin had not yet reached MMI.

A contested case hearing followed to resolve the parties' disputes regarding the extent of Griffin's on-the-job injuries, whether he had reached MMI, and, if so,

what his impairment rating was. The hearing officer determined Griffin had failed to show a causal link between the compensable injury event and the disputed injuries, Griffin's on-the-job injury was limited to the soft tissue injuries, and Griffin had reached MMI on April 26, 2012, with a zero percent impairment rating. An appeals panel affirmed the hearing officer's decision.

Griffin filed suit on May 29, 2013, for judicial review of the Division's decision. We noted in our original opinion that Griffin's petition included complaints that (1) the evidence did not support the Division's decision, (2) Zurich waived its right to contest whether his injuries were compensable, (3) he was denied his rights to due process and equal protection of the laws, (4) the Division's decision was arbitrary and capricious, and (5) the Division exceeded its statutory authority.[2]

The trial court granted summary judgment on various issues, but its orders did not dispose of all issues and claims. Thus, because we lacked jurisdiction to consider the trial court's prior summary judgment orders, we dismissed that appeal and remanded the case as a result. *See Griffin*, 2016 WL 4039257, at *1–2.

Following remand, the case was called for jury trial on January 15, 2019. Griffin appeared pro se and announced ready, and he never withdrew that announcement. Zurich appeared through its counsel and explained it had announced

---

[2] The original petition was Griffin's only pleading at the time of our prior opinion. Since remand, he has amended his petition several times. Based on the record before us, his fourth amended petition is his live pleading, and in it, he asserts twenty-three separate counts as claims. We make no comment here on the merits of Griffin's claims, his ability to pursue them, or his right to the relief he requests.

not ready the week before. The court asked Zurich's counsel why it was not ready, disagreed with counsel's conclusion regarding the court's prior orders, and indicated trial would proceed.[3]

The parties and the court engaged in other discussions about various pretrial matters, including witnesses, exhibits, and motions in limine. Upon inquiry from the court, Griffin identified nine witnesses other than himself that he intended to call and stated two were there at that time. Zurich's counsel objected to all of the witnesses, stating Griffin had failed to disclose them during the discovery process, which Griffin disputed.[4] Zurich's counsel also informed the court that Griffin was the only witness Zurich intended to call.

The court discussed exhibits briefly but moved on to Zurich's motion in limine, granting several of the matters addressed therein. Soon after noting "we have our jury coming in pretty soon," the court went off the record, and it is not clear from the record whether any additional discussion or rulings occurred in the interim.

When the proceedings continued on the record, the court stated:

> One of the first things about being a judge is that you have to follow the rules regardless of the outcome. Sometimes it's easy to do so and sometimes it's very difficult because we want the end result of people having their day in court. However, at the district court level when you have your day in court, you must follow the rules. I am obligated to

---

[3] When the court alluded to all of the years that had elapsed, the court inquired about why Zurich was not ready, and Zurich's counsel answered, "Because I have orders disposing of the issues." The court then stated, "No, you haven't and we let your office – in fact, you can make your record. We're proceeding to trial."

[4] We do not have any of the discovery materials before us and do not decide any issues regarding the merits of Zurich's objections.

follow the rules of civil procedure regardless of the result. And upon – I took a couple of minutes to take a look – re-reviewed the Texas Rules of Civil Procedure and, unfortunately, the result is – unfortunately, the result is if you didn't identify the witnesses, I can't at the last minute allow you to present these witnesses. You have to follow the Texas Rules of Civil Procedure. The result is unfortunate, which is why we advise pro se individuals to – to seek legal counsel so that these harsh, harsh results do not occur. So the Court is now going to reverse its rulings from earlier. These witnesses were not identified, therefore, they will not be permitted to testify [naming two of them] or any of the witnesses identified as well as the exhibits. So at this point I think this case is a case that will have to be dismissed for want of prosecution.

Zurich's counsel asked what the court would like done regarding an order,

and after discussing that for a moment, they concluded as follows:

> [ZURICH'S COUNSEL]: Okay. . . . You struck the fifth amended pleading?
>
> THE COURT: Correct.[5]
>
> [ZURICH'S COUNSEL]: I'll put that in there.
>
> THE COURT: Okay. You can put in whatever you want. I'm famous for interlineating.
>
> [ZURICH'S COUNSEL]: We're making a record.
>
> THE COURT: Okay. Right.
>
> [ZURICH'S COUNSEL]: We know what's going to happen. And we don't want another 18 months later coming back here.
>
> THE COURT: No. This needs to be shut down. And I really just wanted to create a record so it wouldn't – but looking back, I would have been running afoul with the Texas Rules of Civil Procedure. My role as judge is to follow the law regardless of the outcome. . . .

---

[5] Four days before trial, Griffin filed a motion for leave to file a fifth amended petition. The trial court denied the motion on January 15, explaining that the denial was due to "timeliness" and stating, "Fourth amendment stands." Thus, at the time of the final judgment, the parties' live pleadings consisted of Griffin's fourth amended petition and Zurich's fourth amended general denial.

On February 26, 2019, the court signed a Final Judgment which states:

On this 15th day of January, 2019, this matter came on for trial. Plaintiff . . . appeared pro se. Defendant . . . appeared and was represented by . . . . The Court granted Defendant's Motion to Exclude Plaintiff's Evidence and Witnesses. The Court further determined the Plaintiff had no evidence to move forward at trial, that Plaintiff failed to prosecute his case; thus, Plaintiff's case should be and was dismissed with prejudice.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiff Griffin recover nothing of and from Defendant Zurich.

IT IS FURTHER, ORDERED, ADJUDGED and DECREED that the previously adjudicated administrative law decisions and rulings . . . are hereby affirmed.

IT IS FURTHER, ORDERED, ADJUDGED and DECREED that FINAL JUDGMENT is hereby entered in favor of Defendant American Zurich Insurance Company against Plaintiff Trent S. Griffin as to any and all claims and/or causes of actions asserted by Plaintiff Griffin in this litigation.

This is a Final Judgment. This Final Judgment resolves any and all Disputes between the parties.

All other relief not expressly granted herein is DENIED.

Griffin timely appealed. Before he did so, he filed two motions for new trial and motions for reinstatement (one original, one amended), and in each, he requested that the court issue findings of fact and conclusions of law.[6] The trial court did not rule on the motions and did not issue any findings of fact or conclusions of law.[7]

---

[6] In the first document, Griffin included a request for findings of fact and conclusions of law, while the second document included a notice of past-due findings of fact and conclusions of law.

[7] Griffin mentions the trial court's lack of findings and conclusions in his brief, but he does not appear to present this as a point of error on appeal. Even if he had, under the circumstances here, the trial court's inaction regarding those requests was not improper because the case was not tried without a jury and because the trial court did not conduct an evidentiary hearing. *See* TEX. R. CIV. P. 296 (party may request

ISSUE ON APPEAL

We begin by identifying the issue before us.  An appellant's brief is to "state concisely all issues or points presented for review" and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record."  *See* TEX. R. APP. P. 38.1(f), 38.1(i).  At 100 pages, excluding attachments, Griffin's principal brief is neither clear nor concise.  His "issues presented" consists of roughly six pages of text.  Generally, Griffin goes to great lengths to describe his views of the parties' roughly seven- or eight-year dispute, and his brief is difficult, if not impossible at times, to decipher.[8]  However, because "[d]isposing of appeals for harmless procedural defects is disfavored," we construe briefs "reasonably, yet liberally, so that the right to appellate review is not lost by waiver."  *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012) (citing *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam)).  Viewed reasonably and liberally, Griffin's brief clearly raises the only issue we address here—whether the trial court abused its discretion and committed reversible error by involuntarily dismissing his claims and entering a take-nothing judgment on February 26, 2019.  We conclude the trial court did so based on the record before us.

---

findings of fact and conclusions of law in cases tried without a jury); *Belohlavy v. Belohlavy*, No. 05-98-02096-CV, 2001 WL 804507, at \*2 (Tex. App.—Dallas 2001, no pet.) (mem. op.) (noting case is "tried" for rule 296 purposes when court holds evidentiary hearing).

[8] With attachments, Griffin's principal brief is 1,627 pages long and contains a single item under "argument" in the brief's table of contents.

LEGAL STANDARDS

"A court may dismiss a case for want of prosecution under either [r]ule 165a or under its common law inherent authority." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 n.18 (Tex. 2004) (citing *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628 (Tex. 1999)). A court may also, after notice and hearing, make certain orders in regard to a party's failure to comply with proper discovery requests, including dismissing the action or proceedings with or without prejudice, a result often referred in civil cases as a "death penalty" sanction. *See* TEX. R. CIV. P. 215.2(b)(5); *Shops at Legacy (Inland) Ltd. P'ship v. Fine Autographs & Memorabilia Retail Stores Inc.*, 418 S.W.3d 229, 232 (Tex. App.—Dallas 2013, pet. denied).

We review a dismissal for want of prosecution and a dismissal for discovery failures under an abuse of discretion standard. *See Villarreal*, 994 S.W.2d at 630 (review for dismissal for want of prosecution); *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (review for dismissal for discovery failure). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *see Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam). We review the entire record to determine whether the imposition of sanctions constitutes an abuse of discretion. *Id.*

Legal principles regarding directed verdicts are also instructive here, even if not directly at issue.[9]  A directed verdict "is a procedural device to ask the court to render judgment without submitting a charge to the jury because there is nothing for a jury to decide."  *C.B. v. Tex. Dep't. of Family and Protective Serv.*, 440 S.W.3d 756, 769 (Tex. App.—El Paso 2013, no pet.).  A motion for directed verdict may be made orally or in writing and shall state the specific grounds for the motion.  *Dillard v. Broyles*, 633 S.W.2d 636, 645 (Tex. App.—Corpus Christi 1982, writ ref'd n.r.e.); TEX. R. CIV. P. 268.

"A court may instruct a verdict if no evidence of probative force raises a fact issue on the material questions in the suit."  *Prudential Ins. Co. of America v. Financial Review Services, Inc*., 29 S.W.3d 74, 77 (Tex. 2000) (citing *Szczepanik v. First S. Trust Co*., 883 S.W.2d 648, 649 (Tex. 1994)).  A directed verdict for a defendant may be proper "when a plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery" or "if the plaintiff admits or the

---

[9] Although the record does not indicate that Zurich formally moved for a directed verdict or that the trial court granted one, we discuss the general requirements for such motions because the court's final judgment had the same practical effect on Griffin's claims as it would have if the court had granted a motion for directed verdict immediately prior to the beginning of voir dire, at least if we view the final judgment as a judgment on the merits in light of its "take nothing" language.  *See, e.g. Qaddura v. Indo-European Foods, Inc.*, 141 S.W.3d 882, 894 (Tex. App.—Dallas 2004, pet. denied) ("A take nothing judgment, however, is a judgment on the merits, and is inconsistent with a dismissal without prejudice.") (citing *Garcia–Marroquin v. Nueces Cty. Bail Bond Bd.*, 1 S.W.3d 366, 379 n.8 (Tex. App.-Corpus Christi–Edinburgh 1999, no pet.)).  Because other language in the final judgment indicates the court dismissed Griffin's claims for want of prosecution, the court's dismissal would be inconsistent with a ruling on the merits and would be a dismissal without prejudice.  *See Gracey v. West*, 422 S.W.2d 913, 917 (Tex. 1968) ("The judgment of dismissal of the cause for want of prosecution is not a judgment on the merits of the cause."); *Harris Cnty. v. Gamblicher*, 479 S.W. 3d 514, 516 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("a dismissal for want of prosecution is not a determination on the merits, and therefore dismissal with prejudice in such circumstances is  improper") (citations omitted).

evidence conclusively establishes a defense to the plaintiff's cause of action." (citations omitted). *Id.* In other words, a court should direct a verdict when reasonable minds can draw only one conclusion from the evidence. *Vance v. My Apt. Steak House*, 677 S.W.2d 480, 483 (Tex. 1984); *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex. 1978).

"Ordinarily, a directed verdict should not be granted against a party before the party has had a full opportunity to present its case and has rested." *Tana Oil and Gas Co. v. McCall*, 104 S.W.3d 80, 82 (Tex. 2003) (citations omitted). Generally, it is "reversible error for the trial court to direct a verdict without allowing the plaintiff to present all of its evidence." *State Ofc. Of Risk Mgmt. v. Martinez*, 300 S.W.3d 9, 11–12 (Tex. App.—San Antonio 2009, pet. denied) (citing *Wedgeworth v. Kirskey*, 985 S.W.2d 115, 116 (Tex. App.—San Antonio 1998, pet. denied)).

## APPLICATION AND ANALYSIS

Here, the Final Judgment states that Griffin's claims were dismissed with prejudice "for want of prosecution" and also indicates the court granted Zurich's motion to strike witnesses and exhibits.[10] While the trial court expressed an intention to comply with the rules of civil procedure, we find no legal basis in the rules for the actions the trial court took here. First, although the Final Judgement states that the court "determined [Griffin] had no evidence to move forward at trial [and] failed to

---

[10] In the January 15, 2019 proceedings, Zurich orally moved to strike all witnesses. The record is less clear regarding Zurich's objections to Griffin's exhibits, but for purposes of this opinion, we assume without deciding that Zurich also objected to Griffin's exhibits and that the court granted both motions.

prosecute his case," the record shows otherwise. Griffin announced ready, did not withdraw that announcement, appeared for trial, and reaffirmed his readiness to proceed. Presumably, Griffin was entitled to testify on his own behalf even if he had not identified himself as a fact witness in response to written discovery. *See* TEX. R. CIV. P. 193.6(a) (permitting testimony of named party even though not identified in discovery).[11]

Second, the record lacks any indication that Griffin was provided with notice that a want-of-prosecution dismissal might occur. Such notice is required to dismiss for want of prosecution under either the court's inherent common law authority or under rule 165a.[12] *See Villarreal*, 994 S.W.2d at 630 ("party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under ether [r]ule 165a or its inherent authority" and failure to do so "requires reversal"); TEX. R. CIV. P. 165(a) (notice and hearing required for dismissal for want of prosecution by party's failure to appear).

---

[11] Additionally, and contrary to the trial court's suggestion otherwise, the trial court was not *required* to preclude Griffin, a party, from testifying on his own behalf as to his various causes of action, even if Zurich established that Griffin failed to timely list himself as a witness. *See Decision Consultants, Inc. v. Zghyer*, No. 05-97-01486-CV, 2000 WL 1801139, *1 (Tex. App.—Dallas Dec. 8, 2000) (not designated for publication) (concluding pro se party's pleading with narrative of the facts "was sufficient to communicate [the party's] identity and his personal knowledge of relevant facts and overruling opponent's argument on appeal that trial court erred in permitting the pro se party to testify when he had not identified himself as a person with knowledge of facts in response to an interrogatory).

[12] Rule 165a does not apply here, as Griffin appeared for trial and announced ready, and there is no indication in the record that his case was placed on a dismissal docket for any failure to be disposed of within time standards promulgated by the Supreme Court's administrative rules. *See* TEX. R. CIV. P. 165a. We mention this simply to note that even if rule 165a did apply, the rule's requirements were not satisfied, such as notice before dismissal and a hearing in response to a timely motion to reinstate. *See id*.

Third, the record lacks any indication that Griffin was provided with notice to justify what amounted to a death-penalty sanction under rule 215.2(b)(5) if, in fact, the Final Judgment is viewed in the discovery sanctions context. *See* TEX. R. CIV. P. 215.2(b)(5) (listing dismissal as one of several options court may take "after notice and hearing").

Fourth, even if Griffin had received notice under rule 215.2(b)(5), the record lacks any indication that the court considered and provided at least some explanation why lesser sanctions were not appropriate. *See Shops at Legacy*, 418 S.W.3d at 233 (trial court "must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed") (citing *Cire v. Cummings*, 134 S.W.3d 835, 840 (Tex. 2004)). Death penalty sanctions "should be used as an initial sanction only in the most egregious and exceptional cases 'when they are clearly justified and it is fully apparent that no lesser sanctions would promote compliance with the rules'") *Id*. (quoting *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993)).

Fifth, and finally, the practical effect of the court's final judgment here was to prematurely direct a verdict in appellee's favor, without ever allowing Griffin to testify, make an offer of proof, or otherwise present his case.

Based on this record and the legal standards discussed herein, we conclude that the dismissal of Griffin's case with prejudice for want of prosecution constituted an abuse of discretion and reversible error.

## CONCLUSION

We reverse the court's final judgment and remand the case for further proceedings consistent with this opinion.

190630f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE

Schenck, J., concurring.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRENT S. GRIFFIN, Appellant

No. 05-19-00630-CV          V.

AMERICAN ZURICH
INSURANCE COMPANY, Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-13-05893.
Opinion delivered by Justice
Molberg. Justices Schenck and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant TRENT S. GRIFFIN recover his costs of this appeal from appellee AMERICAN ZURICH INSURANCE COMPANY.

Judgment entered this 21st day of April, 2021.